UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY, et al, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|     v. | )  Civil Case No. 05cv1041 (RJL) |
| | ) |
| DONALD RUMSFELD, | ) |
| Secretary of Defense, et al, | ) |
| | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION.**

**I. INTRODUCTION**

Plaintiffs, residents of the Armed Forces Retirement Home - Washington (the "Home"), bring suit pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. alleging the failure of the Defendants to provide residents of the Home high quality, on-site health services as mandated by 24 U.S.C. § 413.  Plaintiffs request this Court to grant class certification under Rule 23(b) of the Federal Rules of Civil Procedure for the class of plaintiffs consisting of all current residents of the Armed Forces Retirement Home - Washington.  Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification (Hereinafter Pl. Memo) p.1, 9.  Defendants submit that class certification is unnecessary as only declaratory and injunctive relief is being sought and such relief will affect all residents of the Home regardless of whether a class is certified.  Should the Court certify the class, however, defendants request that the court order certifying the class state that class members are not allowed to opt out of the class and require notice be provided to the proposed class members.

Plaintiffs allege that the Defendants have violated their statutory duty to "provide for the overall health care needs of residents in a high quality and cost-effective manner, including on site primary care, medical care, and a continuum of long-term care services." 24 U.S.C. § 413. Plaintiffs are essentially asking for a declaration that 24 U.S.C. § 413 requires the Home to restore health care services to match the level and manner of provision in existence prior to Mr. Timothy Cox becoming the Chief Operating Officer of the Home in September of 2002.  If the Court agrees with Plaintiff and finds that 24 U.S.C. § 413 prohibits the changes made to the Home's health care delivery system such an order would affect all the Home's residence, whether the order was entered on behalf of an individual or a class.  Thus class certification in this instance is unnecessary and should be denied or postponed until after decision regarding the Defendants' pending dispositive motion.

The 1966 amendments to Rule 23(b) of the Federal Rules of Civil Procedure created three distinct categories of class actions that may be maintained: the (b)(1) action, the (b)(2) action, and the (b)(3) action.  However, there are important procedural distinctions between the (b)(1) and (b)(2) actions and the (b)(3) action.  Rule 23(c)(2) provides that all class members in a (b)(3) action are entitled to notice and an opportunity to exclude themselves from the class and the preclusive effect of any judgment by "opting out" of the lawsuit.  In contrast the rule does not expressly grant opt out rights for (b)(1) and (b)(2) classes and the notice provision is discretionary rather than mandatory. Fed. R. Civ. P. 23(C)(2)(A). In <u>Eubanks v. Billington</u> 110 F.3d 87 (D.C. Cir. 1997) the United States Court of Appeals for the District of Columbia Circuit addressed the limited circumstances in which an opportunity to opt out of a (b)(1) or (b)(2) class was required.  Those circumstances are not present in this case

The Court in Eubanks started with the general rule that members of a class certified under Fed. R. Civ. P. 23(b)(1) or (b)(2) are not permitted to opt out stating "Although, as a general matter, courts should not permit opt-outs when doing so would undermine the policies behind (b)(1) or (b)(2) certification." Eubanks v. Billington 110 F.3d 87, 94 (D.C. Cir. 1997). The Court went on to hold that "where both injunctive and monetary relief are sought, the need to protect the rights of individual class members may necessitate procedural protections beyond those ordinarily provided under (b)(1) and (b)(2)." Eubanks v. Billington 110 F.3d 87, 95 (D.C. Cir. 1997). Plaintiffs here are seeking purely equitable relief. Pl. Memo p. 21. There are no issues of monetary relief to be allocated based on individual injuries which would warrant an opt out provision and allowing an opt out provision would undermine the policies behind (b)(2) certification.

Fed. R. Civ. P. 23(b)(2) allows for class certification where the prerequisites for class certification under Fed. R. Civ. P. 23(a) are met and the plaintiff's allege that "the party opposing the class has acted or refused to act on grounds generally applicable to the class." Fed. R. Civ. P. 23(b)(2). The defining characteristic of a (b)(2) class is that it seeks declaratory or injunctive relief applicable to the entire class. Eubanks v. Billington 110 F.3d 87, 92 (D.C. Cir. 1997). Requirement for Rule 23(b)(2) class action that party opposing class has acted or refused to act on grounds generally applicable to class does not mandate that all members of (b)(2) class be aggrieved by or desire to challenge defendant's conduct. *See* Jones v. Diamond, 519 F.2d 1090 (5th Cir. 1975). Here Plaintiffs seek an Order requiring the Armed Forces Retirement Home to "restore" the level of services previously provided at the Home Pl Memo p. 21. The changes in health care made at the Home were instituted to meet the dual statutory requirements of

providing high quality health care in a cost effective manner.  *See Generally* Defendants Motion to Dismiss or in the Alternative for Summary Judgment docket # 6.  The changes are either lawfully within the discretion of the director of the Home or not for all the Home's residents.  Many residents of the Home may like some or all of the Health Care changes made.  Allowing an opt out may lead to a situation where some residents seek further court order to undo changes brought on by this suit.

## II.  CONCLUSION.

Class Certification in this case is unnecessary and should be denied or delayed until after adjudication of Defendants' dispositive motion.  Any class certified under Fed. R. Civ. P. 23(b)(2) should not allow class members to opt out.

Respectfully submitted,

_____
KENNETH L.  WAINSTEIN., D.C.  Bar #451058
United States Attorney

_____
R.  CRAIG  LAWRENCE, D.C.  Bar #171538
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Major Patrick Gary
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837