UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Case No. 05cv1041 (RJL) |
| | ) |
| DONALD RUMSFELD, | ) |
| Secretary of Defense, et al, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER OR IN THE ALTERNATIVE FOR AN ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

Defendant hereby moves, pursuant to Fed. R. Civ. P. 6(b), 26 and 30(d), for a protective order, staying discovery in this action until after resolution of dispositive motions in the case. Plaintiff, through counsel, objects to this motion. Should this motion be denied, Defendant asks for more time to respond to the outstanding interrogatories.

The Court is respectfully referred to the attached memorandum in support of this motion. A proposed Order accompanies this motion as well.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-9895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Case No. 05cv1041 (RJL) |
| | ) |
| DONALD RUMSFELD, | ) |
| Secretary of Defense, et al, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR ENLARGEMENT OF TIME TO RESPOND
TO DISCOVERY AND FOR PROTECTIVE ORDER**

Defendants respectfully move pursuant to Fed. R. Civ. P. 26(c) for a protective order discovery in this action until after resolution of dispositive motions in the case. In the alternative, defendants move pursuant to Fed. R. Civ. P. 6(b) and 26(d), for an enlargement of time, to respond to Plaintiffs' discovery requests until 60 days after the Court rules on Defendants' Motion for Protective Order.

Plaintiffs, residents of the Armed Forces Retirement Home - Washington (the "Home"), bring suit pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. alleging the failure of the Defendants to provide residents of the Home high quality, on-site health services as mandated by 24 U.S.C. § 413. Plaintiffs served their complaint on the United States on June 26, 2005. On August 18, 2005 defendants moved to dismiss the complaint for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) or in the alternative for Summary Judgment.

1

Pursuant to the Court's standing order as well as Fed. R. Civ. P. 26 and Local Rule 16.3, the parties held a telephonic conference on September 20, 2005 to discuss matters listed in Rule 16.3(c). While agreeing on most issues, the parties disagreed as to whether discovery should proceed pending the resolution of defendants' dispositive motion. The parties filed a Status Report on September 29, 2005, in which the Plaintiffs submitted that discovery should proceed immediately and Defendants submitted that discovery should be stayed pending a decision on said motion. On October 28, 2005, Plaintiffs sent each Defendant a Request for Production of Documents.

Federal courts have broad discretion to manage the conduct of discovery to protect a party from undue burden or expense or otherwise to promote the ends of justice by granting an appropriate order to limit or postpone discovery. See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 2 (D.D.C. 2001). See also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38 (1st Cir. 2003) (noting that "district courts exercise broad discretion to manage discovery matters."); Stella v. Mineta, 284 F.3d 135, 147 (D.C. Cir. 2002) (stating that "district courts are afforded substantial discretion to manage discovery as they see fit."). Therefore, it is an appropriate exercise of this Court's broad discretion to stay discovery until it resolves Defendants' dispositive motion. See Chavous, 201 F.R.D. at 2 ( noting that "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending"). Discovery should be allowed to proceed while a dispositive motion is pending where either the"the pending motion will not dispose of the entire case" or where discovery is "necessary to gather facts in order to defend against a motion to dismiss" Chavous, 201 F.R.D. at

2. Neither situation is present here. Defendants' motion addresses all claims raised by plaintiff and the motion is fully briefed including plaintiffs' opposition and defendants' reply. See Docket entry 13 and 17.

In the interest of justice and in order to conserve the resources of this Court and the parties, the Court should enter an order barring discovery in this case until resolution of Defendants' dispositive motion. In the alternative, should this motion be denied, defendants request 60 days from date the Court rules on the motion to respond to discovery.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-9895