UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY et al. | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 05-1041(RJL) |
| THE HONORABLE DONALD RUMSFELD Secretary of Defense et al. | ) ) ) ) |
| Defendants. | |

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER OR IN THE ALTERNATIVE FOR AN
ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

Plaintiffs submit this Memorandum in opposition to Defendants' Motion for Protective Order or, in the Alternative, for an Enlargement of Time to Respond to Discovery (the "Motion").

### Background

Plaintiffs in this case are veterans and retirees of the United States armed forces who currently reside at the Armed Forces Retirement Home (the "Home") in Washington, D.C. Under applicable law, Defendants are required to provide Plaintiffs with high-quality, on-site primary medical and dental care. See 24 U.S.C. § 413. Defendants have failed and refused to provide the required medical and dental care. Beginning in 2003, Defendants initiated a "cost-cutting" program which included drastic reductions and eliminations in the medical care provided.

After Plaintiffs' repeated efforts to obtain the care without resorting to litigation were unsuccessful, Plaintiffs filed this action on May 24, 2005. On August 18, 2005 Defendants filed

a Motion to Dismiss or, in the Alternative, for Summary Judgment. As explained in Plaintiffs' Memorandum in Opposition, the Motion to Dismiss should be denied, as it is wrong, as a matter of law. Further, with respect to the Motion for Summary Judgment, Plaintiffs demonstrated that Defendants are not entitled to judgment, as there are genuine issues of material fact. Plaintiffs also identified specific additional evidence – such as information available from current and former medical personnel at the Home – for which Plaintiffs made a proper application for discovery, pursuant to Fed. R. Civ. P. 56(f).[1]

On October 28, 2005, after the parties had held a conference pursuant to Fed. R. Civ. P. 26 to discuss the matters listed in Local Rule 16.3, Plaintiffs served Requests for Production of Documents (the "Requests for Production") on Defendants. Pursuant to Rule 34, responses to those Requests for Production are due on November 30, 2005.

Now, having refused to provide informal discovery and after filing a motion for summary judgment at the outset of the case, Defendants request a protective order barring all discovery pending a resolution of the Motion to Dismiss. For the reasons set forth below, Defendants' Motion for Protective Order should be denied.

## Argument

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a general stay of discovery simply because a dispositive motion is pending. The Local Rules, in fact, expressly permit commencing discovery after the parties have completed their Rule 26 conference, which is precisely what Plaintiffs have done in this case by serving requests for

---

[1] When Plaintiffs previously sought to conduct informal discovery from medical personnel who had provided unsolicited reports of the conditions and policies at the Home, Defendants blocked those efforts. Consequently, although a request for summary judgment is pending, Plaintiffs have had no opportunity to conduct discovery from Defendants in this action.

production of documents. See LCvR 26.2(a). Moreover, Plaintiffs' discovery is directed not only to the claims in this case, but to the arguments raised by Defendants in their motion for summary judgment, consistent with Plaintiffs' request under Rule 56(f). Notably, Defendants do not assert that the discovery requested is not related to claims in this action, is overly broad or unduly burdensome, or is otherwise outside the scope of permissible discovery. Indeed, Defendants have not articulated any basis upon which to deviate from the applicable rules and enter an order barring discovery in this case. Defendants, citing Stella v. Mineta, 284 F.3d 135 (D.C. Cir. 2002), correctly state that the Court has broad discretion to manage discovery and to enter appropriate orders regarding discovery. Defendants, however, do not offer any reason why it would be appropriate for the Court to exercise that authority to stay discovery in this case. The few cases cited by Defendants do not support the relief requested and, in fact, demonstrate why a stay is particularly inappropriate on the facts in this case.

In Stella, the D.C. Circuit recognized the importance of affording a non-moving party an opportunity to conduct discovery in response to a motion for summary judgment filed at the outset of the case. Stella, 284 F.3d at 147-8. In fact, the Court embraced the notion that discovery is particularly appropriate to permit a plaintiff to conduct discovery under such circumstances. Id., citing Paquin v. Fed. Nat'l Mortgage Ass'n, 119 F.3d 23, 25, 28-29 (D.C. Cir. 1997) (reversing the District Court's grant of summary judgment and remanding for further discovery where plaintiff had requested, but not received, relevant discovery).

Defendants also cite Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38 (1st Cir. 2003) for the proposition that the district court has broad discretion to manage discovery matters. In Heidelberg, which did not involve an order staying discovery pending determination of dispositive motions, the district court quashed a subpoena issued to a non-party

on the grounds that the subpoena was unduly burdensome, overly broad, and sought documents that were not relevant. The Court of Appeals, while emphasizing that district courts should "interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants," found that the district court permissibly exercised its discretion in light of the broad nature of the requests, the lack of relevance of the requests, and the imbalance between the requesting party's need and the imposition on the non-party. Other than recognizing that the discovery provisions should be broadly construed to support the exchange of information, Heidelberg adds nothing to the analysis in this case.

Finally, Defendants cite Chavous v. District of Columbia Financial Control Board, 201 F.R.D. 1 (D.C. 2001) for the propositions that discovery should not be allowed to proceed at this juncture because (1) discovery is not necessary to gather facts in order to defend against a motion to dismiss and (2) the pending Motion to Dismiss could dispose of the entire case. See Motion, pp. 2-3. These arguments, which misapply both the ruling in Chavous and the facts in this case, are simply without merit.

Initially, Defendants fail to acknowledge that they not only filed a motion to dismiss, but also sought summary judgment at the outset of the case. While Defendants are permitted to seek summary judgment at any time, the rules specifically provide for discovery in such circumstances. Fed. R. Civ. P. 56(f). In Chavous, the Court explicitly recognized that discovery is appropriate when the facts are relevant to a dispositive motion, stating[2] "Discovery should

---

[2] As noted in Plaintiffs' opposition, Defendants' request for summary judgment suffers from multiple fatal defects and should be denied because Defendants failed to carry their initial burden under Rule 56. However, to the extent that the Court does not deny the request outright, Plaintiffs properly have sought discovery under Rule 56(f).

precede consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand." Chavous, 201 F.R.D. at 3. In granting a stay of discovery in Chavous, the Court emphasized that the plaintiff had acknowledged that there were no disputed facts and that discovery was not necessary to resolve the pending motions. By contrast, in this case Plaintiffs have identified specific information that is relevant to the pending motion for summary judgment but that Defendants have refused to provide.

Further, Defendants' suggestion that their dispositive motions may resolve the entire case is simply not a basis to grant a stay of discovery. In Chavous, the Court recognized that "a 'bald assertion' by a defendant that its motion to dismiss will be granted, or that discovery would be burdensome, is generally insufficient to justify the entry of an order staying discovery." Chavous, 201 F.E.D. at 3. In this case, Defendants have offered no more than the bald assertion that discovery should be stayed "in the interest of justice and in order to conserve the resources of this Court and the parties." Motion, p. 3. Quite simply, Defendants' conclusory statements are not sufficient to justify the entry of an order staying discovery.

In addition, the equities in this case strongly favor denying the request for an order to bar discovery. More than six months have passed since Plaintiffs brought this action in May, 2005. During this time, the residents of the Home, who average 78 years of age, continue to suffer from Defendants' refusal to provide the high-quality, on-site medical care required by statute. Plaintiffs should not be required to wait even further to discover additional information related to their claims in this action.

Finally, Plaintiffs also object to Defendants' alternative request that they be granted 60 days from the date the Court rules on this motion before they are required to respond to the outstanding document requests. This action has been on file for six months. Had Defendants

asked Plaintiffs for a specified amount of additional time - - which they did not - - Plaintiffs may have agreed to a modest extension. In light of the anticipated delay imposed by Defendants' Motion, however, no further extension should be granted.

## Conclusion

Plaintiffs request that the Court enter an order denying the Motion and requiring that documents responsive to Plaintiffs' requests be produced forthwith.

Respectfully submitted,

/s/ David H. Bamberger
David H. Bamberger (D.C. Bar No. 362285)
J. David Folds (D.C. Bar No. 449791)
Dimitra D. Joannou (D.C. Bar No. 488973)
Mila Z. Zain (D.C. Bar No. 490282)
DLA PIPER RUDNICK GRAY CARY U.S. LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Phone: (202) 861-3900
Fax: (202) 223-2085

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY, et al. | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 05-1041 (RJL) ) |
| DONALD RUMSFELD,<br>Secretary of Defense, et al., | ) ) ) |
|     Defendants. | ) ) |

ORDER DENYING DEFENDANTS' MOTION
FOR PROTECTIVE ORDER OR IN THE ALTERNATIVE FOR AN
ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

Having considered the Defendants' Motion for Protective Order or in the Alternative for an Enlargement of Time to Respond to Discovery (the "Motion") and Plaintiffs' Memorandum in Opposition thereto, it is, hereby

ORDERED, that the Defendants' Motion be and hereby is DENIED.

Dated: _____   _____
                                    Hon. Richard J. Leon, Judge
                                    United States District Court for the District of Columbia

Copies to:

David H. Bamberger (D.C. Bar No. 362285)
J. David Folds (D.C. Bar No. 449791)
Dimitra D. Joannou (D.C. Bar No. 488973)
Mila Z. Zain (D.C. Bar No. 490282)
DLA PIPER RUDNICK GRAY CARY U.S. LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Attorneys for Plaintiffs


Kevin K. Robitaille
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2005, I caused a copy of (i) Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Protective Order or in the Alternative for an Enlargement of Time to Respond to Discovery and (ii) Proposed Order to be mailed, postage prepaid, to:

>Kevin K. Robitaille
>Special Assistant U.S. Attorney
>555 Fourth Street, N.W.
>Washington, D.C. 20530

Respectfully submitted,

_/s/_____
David H. Bamberger (D.C. Bar No. 362285)
J. David Folds (D.C. Bar No. 449791)
Dimitra D. Joannou (D.C. Bar No. 488973)
Mila Z. Zain (D.C. Bar No. 490282)
DLA PIPER RUDNICK GRAY CARY U.S. LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Phone: (202) 861-3900
Fax: (202) 223-2085

Attorneys for Plaintiffs