UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1041 (RJL) |
| ) | |
| THE HONORABLE DONALD RUMSFELD ) | |
| Secretary of Defense et. al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S RENEWED MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1), defendants through undersigned counsel, hereby move this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction because events have rendered it moot. In support of this motion, defendants respectfully refer the Court to the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,

KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895

Of Counsel:
Major Patrick Gary
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY, et al, )<br>)<br>　　　　Plaintiff, )<br>)<br>　　v. )<br>)<br>DONALD RUMSFELD, )<br>Secretary of Defense, et al, )<br>)<br>　　　　Defendants. )<br>)<br>_____ ) | Civil Case No. 05cv1041 (RJL) |

MEMORANDUM IN SUPPORT OF DEFENDANTS'
RENEWED MOTION TO DISMISS.

## I. INTRODUCTION

Defendants hereby file this renewed motion to dismiss Plaintiffs' complaint for lack of jurisdiction over the subject matter. Fed. R.Civ. P. 12 (b)(1). The recent amendments to 24 U.S.C. § 413 have rendered Plaintiff's claims moot and, as a result, the court lacks jurisdiction to decide the issues.

## II. Background

Defendants filed a motion to dismiss, or alternatively, for summary judgment on August 18, 2005. Docket entry 6. In their motion, Defendants argued that the statute allegedly violated, 24 U.S.C. § 413, requiring the Armed Forces Retirement Home - Washington (the "Home") to provide "high quality" health care in a "cost-effective" manner provided no basis for judging the application of these two competing requirements. In other words, the case is non-justiciable because there is no judicially manageable standard by which a court could evaluate the agency's

1

action. The Court denied the motion by minute order on January 25, 2006.

Since the filing of Defendant's motion, the President signed into law P.L. 109-163, the National Defense Authorization Act for Fiscal Year 2006 (NDAA).  Section 909 of the NDAA is titled, "Improvements in Health Care Services for Residents of Armed Forces Retirement Home" and amends 24 U.S.C. § 413.  Exh. A.  Added to 24 U.S.C. § 413 are subsections (c) and (d) which state:

> (c) Availability of Physicians and Dentists.–(1) In providing for the health care needs of residents at a facility of the Retirement Home under subsection (b), the Retirement Home shall have a physician and a dentist--
>
> (A) available at the facility during the daily business hours of the facility; and
>
> (B) available on an on-call basis at other times.
>
> (2)The physicians and dentists required by this subsection shall have the skills and experience suited to residents of the facility served by the physicians and dentists.
>
> (3) To ensure the availability of health care services for residents of a facility of the Retirement Home, the Chief Operating Officer, in consultation with the Medical Director, shall establish uniform standards, appropriate to the medical needs of the residents, for access to health care services during and after the daily business hours of the facility.
>
> (d) Transportation to Medical Care Outside Retirement Home Facilities.–(1) With respect to each facility of the Retirement Home, the Retirement Home shall provide daily scheduled transportation to nearby medical facilities used by residents of the facility.  The Retirement Home may provide, based on a determination of medical need, unscheduled transportation for a resident of the facility to any medical facility located not more than 30 miles from the facility for the provision of necessary and urgent medical care for the resident.
>
> (2) The Retirement Home may not collect a fee from a resident for transportation provided under this subsection.

24 U.S.C. § 413 (c) and (d).

### III.  ARGUMENT

### PLAINTIFFS' CLAIMS HAVE BEEN RENDERED MOOT
### BY ENACTMENT OF P.L. 109-163

**1.  Standard of Review.**

On a motion to dismiss pursuant to Rule 12(b)(1), the Plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence.  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).  When considering a Rule 12(b)(1) motion to dismiss, the Court should consider Plaintiff's factual allegations as true.

> A complaint may be dismissed for lack of subject matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  In our review, this court assumes the truth of the allegations made and construes them favorably to the pleader.

Empagran S.A. v. F. Hoffman-LaRoche, Ltd., 315 F.3d 338, 343 (D.C. Cir. 2003), citing Sinclair v. Kleindienst, 711 F.2d 291, 293 (D.C.Cir.1983) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations.  Sadowski v. Bush, 293 F.Supp. 2d 15, 17 (D.D.C. 2003) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). The court, however, is not limited to the allegations of the complaint in deciding a Rule 12(b)(1) motion.  Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64, (1987).  Rather, the court, where necessary, may consider the complaint supplemented by undisputed facts along with the court's resolution of disputed facts to determine whether it has jurisdiction over the case.  Herbert v. Nat'l Acad of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

Article III of the Constitution restricts federal court jurisdiction to actual "Cases" and "Controversies." U.S. Const. art. III, § 2; <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471 (1982); <u>Flast v. Cohen</u>, 392 U.S. 83, 94 (1968). The case or controversy requirement has given rise to "several doctrines . . . 'founded in concern about the proper - and properly limited - role of the courts in a democratic society.'" <u>Allen</u>, 468 U.S. at 750 (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975)). These doctrines include justiciability, political question, standing, ripeness, and mootness. <u>Walker v. Cheney</u>, 230 F. Supp 2d 51 (D.D.C. 2002).

A case is moot when it "has lost its character as a present, live controversy of the kind that must exist if [the court] is to avoid advisory opinions on abstract questions of law." <u>Schering Corp. v. Shalala</u>, 995 F.2d 1103, 1106 (D.C. Cir. 1993). The mootness doctrine "limits federal courts to deciding 'actual, ongoing controversies.' 'Even where the litigation poses a live controversy when filed, the doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" <u>Clarke v. United States</u>, 915 F.2d 699, 701 (D.C. Cir. 1990) (quoting <u>Transwestern Pipeline Co. v. FERC</u>, 897 F.2d 570, 575 (D.C. Cir. 1990)). This limitation continues "'through all stages of federal judicial proceedings, trial and appellate.'" <u>Id.</u> (quoting <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990)).

Mootness is a jurisdictional question, one which a federal court must resolve before assuming jurisdiction. <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971). The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief. 13A Wright, Miller & Cooper,

4

Federal Practice and Procedure § 3533.3 (1984). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." Beethoven.Com LLC v. Librarian of Congress, 394 F.3d 939, 950 (D.C. Cir. 2005) (citing Mills v. Green, 159 U.S. 651, 653 (1895)). The issue of mootness depends upon whether the court can grant "any effectual relief." Church of Scientology v. United States, 506 U.S. 9, 12 (1992).

The recent passage of the National Defense Authorization Act (NDAA) is an event which changed the circumstances related to this case that prevents the relief that Plaintiffs' seek. The gravamen of the complaint is an assertion that Defendants are in violation of 24 U.S.C. § 413. Defendants maintain that the Retirement Home did not violate 24 U.S.C. § 413 prior to the amendments to the NDAA. However, while the legality of defendants' actions may have been debatable under the previous version of 24 U.S.C. § 413, the revisions found in the NDAA have resolved all doubts in favor of defendants. Given the recent amendments to 24 U.S.C. § 413, which ratify the actions and policies with regard to health care at the Retirement Home, it is without question that the Defendants are not now in violation of 24 U.S.C. § 413.

**2.  Availability of Physicians and Dentists.**

One of the specific forms of relief requested by Plaintiffs is to restore the policy of staffing the primary treatment room with a physician twenty-four hours a day. Comp. p. 13. Plaintiffs do not dispute the fact that the Home currently staffs the Community Health Clinic with a physician Monday through Friday, from 7:30 am until 4:00 pm and has a physician on-call after hours. See Plaintiffs' Statement of Material Facts for Which There Exists an Issue to Be

Litigated, ¶ 7. Thus, as to the issue of physician staffing, there is no dispute as to the facts. Just as the newly enacted 24 U.S.C. § 413(c) requires, the Home has a physician available at the facility during normal business hours and available on an on-call basis at other times. Cox Decl. ¶ 6(c); complaint ¶ 21; Pl response to Defendants statement of material fact #7. The Home is in compliance with the statute.

**3.  Transportation to Medical Care Outside the Retirement Home Facilities.**

Another service complained of by Plaintiffs involves transportation to medical care facilities outside the Home. This, too, was addressed specifically by the NDAA. 24 U.S.C. § 413 (d). The act requires daily scheduled transportation to nearby medical facilities. The NDAA also states that the Home "**may** provide unscheduled transportation based on a determination of medical need." Id.(emphasis added).

Plaintiffs do not complain that the Home does not provide daily scheduled transportation but rather that after hours transportation has been eliminated. See Compl. ¶ 25-27. Indeed plaintiffs admit that the Home provides transportation during weekdays. Docket entry 13 attachment 1 ¶ 15. Further, plaintiffs have not shown, and cannot show that the Home has no after hours transportation policy. Docket entry 13 attachment 1 ¶ 16. The Home addressed the transportation issue prior to enactment of the NDAA, on July 11, 2005, when the Chief Operating Officer, Mr. Cox, established a policy whereby after hours, non-emergency transportation would be made available to the Home's residents. See AFRH Chief Operating Officer Fact Sheet No. 10, (attached to Plaintiffs' Statement of Material Facts for Which There Exists an Issue to Be Litigated). There is no dispute as to this fact. Plaintiffs provide one

declaration from a resident who alleges he was not provided after hours transportation on one occasion when he felt he needed it.  See Murray Decl.  Even if true, the NDAA leaves the provision of after hours transportation to the discretion of the Home's staff.  The Home <u>may</u> provide unscheduled transportation, based on a determination of medical need.  24 U.S.C. § 413 (d) (emphasis added).  The only non-discretionary aspect of transportation is the provision of daily scheduled transportation.  Thus, the Home is in compliance with 24 U.S.C. § 413 (d) and plaintiffs' complaint with regard to transportation has been rendered moot as well.

**4.  Other Health Care Services.**

Other matters for which Plaintiffs seek relief in their complaint concern the provision of medical services such as medications, x-rays, and electrocardiograms.  Plaintiffs allege these services should be provided on site.  Comp. p. 13-14.  Medical services such as those listed above were also addressed in the recently passed NDAA.

> To ensure the availability of health care services for residents of a facility of the Retirement Home, the Chief Operating Officer, in consultation with the Medical Director, shall establish uniform standards, appropriate to the medical needs of the residents, for access to health care services during and after the daily business hours of the facility.

24 U.S.C. § 413 (c)(3).

In the above subsection of the NDAA, Congress refers to "access to health care services" as opposed to "available at the facility" as used in the requirement of section (c)(1)(A) to have a physician available at the facility during daily business hours.  This language establishes that there is not a statutory requirement that these health care services be provided at the Home as Plaintiffs allege.  Despite the lack of a statutory requirement to provide these services at the

Home, Defendants, in fact, provide many medical services on site. As Mr. Cox states in his declaration, a medication room is available on site to provide residents with their medications obtained through prescription from Walter Reed Army Medical Center. Cox Decl. ¶ 6(e). In addition, the Home provides on site x-ray services through a contractor. Cox Decl. ¶ 6(f).

The changes in the statute have removed any basis for Plaintiffs' action. Clearly a change in the governing statute is an event which can render a case moot. Dial v. Cooler, 791 F.2d 78 (7th Cir. 1986), is directly on point. In Dial, plaintiffs complained that the Illinois Department of Public Aid (IDPA) improperly terminated financial assistance to their families under its Aid to Families with Dependent Children Program (AFDC). Id. at 79. The state terminated benefits because of the failure of plaintiffs' husbands to cooperate with IDPA work programs. Id. Plaintiffs alleged that under the existing law, IDPA should not have terminated benefits to the entire family, at most deleting the fathers while continuing to provide benefits to the remaining family members. Id. The following year after the complaint was filed, Congress amended the federal AFDC statute to require the policy that plaintiffs complained of - termination of financial assistance to the entire family when an unemployed parent refuses to participate in the work incentive program. Id. Since Congress changed the federal law to allow exactly what plaintiffs complained of, the district court dismissed the complaint and the 7th Circuit Court of Appeals upheld the decision. Id. at 80. The court found there was no continuing violation of federal law.

In the case of the Retirement Home, there also is no continuing violation of federal law. Defendants contend there was no violation of 24 U.S.C. § 413 prior to the recent enactment of the NDAA. Regardless of the status of the Home's health care initiatives under the previous version of 24 U.S.C. § 413, with the recent changes to the statute there is no basis for Plaintiffs'

claims. Congress amended the statute to expressly allow for the provision of medical care in a manner consistent with the policies of the Home. The amendment of the statute affirms the Home's position. Plaintiffs' complaint has been rendered moot and should be dismissed.

### IV.  CONCLUSION

Plaintiffs complaint should be dismissed for lack of jurisdiction over the subject matter Fed. R.Civ. P. 12 (b)(1). The recent amendments to 24 U.S.C. § 413 have rendered Plaintiffs' claims moot and, as a result, the court lacks jurisdiction over the matter.

For the reasons stated above, Defendants' motion should be granted.

                    Respectfully  submitted,

                    KENNETH L. WAINSTEIN, DC Bar #451058
                    United States Attorney

                    R. CRAIG LAWRENCE, DC Bar #171538
                    Assistant United States Attorney

                    KEVIN K. ROBITAILLE
                    Special Assistant U.S. Attorney
                    555 4th Street, NW
                    Washington, D.C. 20530
                    (202) 353-9895

Of Counsel:
Major Patrick Gary
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837