UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|                       v. | ) Civil Action No. 05-1041 (RJL) |
| | ) |
| THE HONORABLE DONALD RUMSFELD | ) |
| Secretary of Defense et. al. | ) |
| | ) |
|     Defendants. | ) |

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED
MOTION TO DISMISS

Defendants file this Reply to Plaintiffs' Opposition to Defendants' Renewed Motion to Dismiss. Defendants request this Court grant their motion to dismiss Plaintiffs' complaint for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The recent amendments to 24 U.S.C. § 413 have rendered Plaintiffs' claims moot and, as a result, the Court lacks jurisdiction to decide the issues.

I. <u>Plaintiffs' Claims Should Be Dismissed As Moot As There Is No Longer A Live Controversy</u>.

In their complaint, Plaintiffs allege that Defendants have failed to provide residents of the Armed Forces Retirement Home (the "Home") with the high quality on-site health services that are mandated by 24 U.S.C. § 413 ("the statute"). Pl. Comp. ¶¶ 1, 12, 38. Plaintiff's original complaint alleges that the policy changes implemented to improve health care quality and efficiency violate the Statute. The complaint seeks an injunction requiring Defendants to "restore" the medical and dental services previously provided and to otherwise comply with the

1

requirement of the statute. Pl. Comp. ¶ 10. Specifically, Plaintiffs request that the Court order Defendants to maintain a primary treatment room staffed by an on-location physician 7 days per week, 24 hours per day; maintain the ability to promptly provide medications; maintain the ability to provide x-rays, electrocardiogram, lab work and other services; provide annual examinations; and provide adequate transportation to permit residents to obtain secondary or tertiary care. Pl. Comp., pp. 13-14.

Because of the amendments to 24 U.S.C. § 413, enacted through Section 909 of the National Defense Authorization Act for Fiscal Year 2006 (NDAA), the present case has lost its character as a live controversy and Plaintiffs' claims have been rendered moot. In their opposition, Plaintiffs change their allegations from alleging the policy changes violate the statute, to now argue that the policies are not implemented in a manner consistent with the statute. Even if the Court considers these amended allegations, they do not present a live controversy because plaintiffs show no agency decision which is allegedly arbitrary and capricious and no continuing violation which would warrant an injunction or mandamus.

Plaintiffs have the burden of establishing jurisdiction by a preponderance of the evidence. See Fitts v. Fannie Mae, 44 F. Supp. 2d 317, 320 (D.D.C. 1999), aff'd, 236 F.3d 1 (D.C. Cir. 2001). In reviewing a motion to dismiss under Rule 12 (b)(1), the court must accept the allegations in the compliant as true and draw all reasonable inferences in the plaintiff's favor. However, a court is not limited to reviewing the allegations set forth in the complaint. The court "may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." Miller v. Roche, 2006 U.S. Dist. LEXIS 7705 at *5-6 (D.D.C.

February 10, 2006) (quoting Alliance For Demoncracy v. Federal Election Commission, 2005 U.S. Dist. LEXIS 3254 at *3 (D.D.C. May 4, 2005).

To establish jurisdiction, Plaintiffs must demonstrate that there is a live controversy. Plaintiffs argue that the recent amendments to the statute do not render their claims moot; Plaintiffs argue that a live controversy continues to exist. In support of their argument, Plaintiffs cite the unchanged sections of the statute, specifically § 413(b) which requires that the Home provide for the overall health care of residents in a high quality and cost-effective manner. 24 U.S.C. § 413 (b). Clearly the amendments to the statute do not change the duty to provide high quality care in a cost-effective manner; the amendments do, however, give specific direction from Congress as to how the Home is to go about providing that high quality care. The current policies of the Home are consistent with the statute. Defendants are not in violation of 24 U.S.C. § 413.

Plaintiffs' attempts to shift the focus away from the amendments to the statute are to no avail. Plaintiffs argue that "the recent amendments do not change these continuing obligations on the Home to provide on-site, high quality health care for its residents." Pl. Opp., p. 3. Although they are correct in stating that the requirement to provide high quality health care remains, the amendments to the statute cannot simply be ignored. Indeed, the only way for Plaintiffs' claims to survive is if the Court were to ignore the provisions of 24 U.S.C. § 413(c) and (d). However, the changes to the statute are now law provided by Congress for the purpose of dictating the requirements related to health care services at the Home.

II.     Plaintiffs' Declarations Should Not Be Considered By The Court As They Are Not Helpful On The Issue Of Jurisdiction.

In attempting to establish that there continues to exist a live controversy, even after the amendments to the statute, Plaintiffs point out several factual allegations of residents not receiving services in accordance with the Home's policies (Resident informed no physician available on weekend, Murray Decl., ¶ 4; no available transportation on weekends, Id.; Supp. Rutherford Decl. ¶ 3.). The Court should not consider these supplemental declarations because they are material outside of the pleadings which do not help the Court in determining whether it has jurisdiction. The matters complained of in Plaintiffs' declarations are addressed by the amendments to the statute and the policies of the Home are in compliance therewith.

Assuming the facts in the Plaintiffs' declaration to be true, (which the government does for the purposes of this motion only) the actions described would not subject Defendants to the sweeping injunctive relief sought by plaintiff. Plaintiffs have filed a class action suit seeking an order from the Court directing Defendants to undue the health care policy changes implemented in the past two years. If the allegations are true, the individual residents may have a claim against the Home for a breach of policy. However, the agency employees referred to in the declarations, described by declarants as telling a resident that a doctor is not available or that transportation is not available are not making statements of the Home's policies. The undisputed facts are that the Home's policy is that a physician is on call after hours and that after hours transportation is provided by the Home upon a determination of medical need. The order sought by plaintiffs

would go well beyond addressing any alleged violations, requiring the Home to institute policies not required by the statute and arguably precluded by it.[1]

In making their argument, Plaintiffs rely on Vietnam Veterans of America v. Principi, 2005 U.S. Dist. LEXIS 6602 (D.D.C. March 11, 2005). Plaintiffs contend that case is analogous because it involved the defendant agency's (VA) claim that a 2004 memorandum from the Undersecretary for Health and Operations renounced a prior agency memorandum. In denying the defendant's motion to dismiss for mootness, the court stated that the new memorandum did not renounce the previous memorandum. Id. at 10. In that case there was still a live controversy because the 2004 memorandum did not eliminate the potential for violation of the statute. Id.

This case is different from Vietnam Veterans in two very important aspects: (1) this case deals with a statute passed by Congress and not merely an agency memorandum and, (2) the amendments Congress enacted render moot any potential violation that was occurring with regard to health care at the Home. In this case, the amended statute is binding. Further, the policy of the Home regarding health care is consistent with the requirements of the statute. If the Home was in violation of 24 U.S.C. § 413 before the amendment by not having a physician available at the Home twenty-four hours per day or by not providing twenty-four hour a day transportation, the changes to the statute eliminated any such violation.

---

[1] The amended statute would appear to preclude the Home from providing transportation beyond thirty miles or for non-urgent care. Likewise section (c) may preclude the Home from providing doctors on-site after business hours.

III.  Plaintiffs' Claims Are Rendered Moot By The Amended Statute; Congress Changed The Law To Allow Exactly What Plaintiffs Complained Of

Plaintiffs filed their complaint under the Administrative Procedures Act (APA).  In order to prevail  under the APA, Plaintiffs must establish that Defendants' actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  5 U.S.C. § 706 (2)(A).  In their complaint, Plaintiffs allege that Defendants acted in violation of 24 U.S.C. § 413.  In light of 24 U.S.C. § 413 as amended, the Home is not in violation of the law.

A.  Physicians and Dentists.

In their complaint, Plaintiffs specifically requested this Court to grant relief by directing Defendants to "restore the level of services previously provided at the Home. . .by. . . Maintaining a primary treatment room, staffed by an on-location physician. . ."[2]  Pl. Comp., p. 13.  With regard to physicians and dentists, the amended statute requires that the Home have a physician and a dentist available at the Home during daily business hours and available on an on-call basis at other times.  It is undisputed that the Home is in compliance with the statute.  Plaintiffs do not dispute that the Home currently staffs the Community Health Clinic with a physician Monday through Friday, from 7:30 am until 4:00 pm and has a physician on call after hours.  See Plaintiffs' Statement of Material Facts for Which There Exists an Issue to Be

---

[2] Interestingly, in their Opposition to Defendants' Renewed Motion to Dismiss, Plaintiffs complain that only one physician on duty at the Home is not sufficient to comply with 24 U.S.C. § 413.  See Pl. Opp., p. 7  ("A single full-time physician is not capable of handling urgent care and scheduled appointments, filling prescriptions, providing annual physical examinations, and otherwise providing high quality primary care for 1,400 retired veterans who are, on average, 78 years old.").  However, a single physician and a single dentist is all that Congress required (". . . shall have a physician and a dentist. . . ").  And, in fact, that is all the Plaintiffs requested in their complaint ("Maintaining a primary treatment room, staffed by **an** on-location physician. . ." Pl. Comp., p. 13.)  (emphasis added).  In fact, AFRH (Washington) has four physicians on staff see Docket entry 17, att. 1 ¶ 6 b.

6

Litigated, ¶ 7; Pl. Comp. ¶ 21.  Plaintiff's requested relief, restoration of a primary treatment room with a physician on-site seven days a week, twenty four hours a day, clearly exceeds the requirements of 24 U.S.C. 413(c) and would divert funds from requirements at the Home.

      B.     Transportation.

Another service complained of by Plaintiffs involves transportation to medical care facilities outside the Home.  This, too, was addressed specifically by the NDAA.  24 U.S.C. § 413 (d).  The act requires daily scheduled transportation to nearby medical facilities.  The NDAA also states that the Home may provide unscheduled transportation based on a determination of medical need.  Id.

In their complaint, Plaintiffs alleged that previously, transportation services were available twenty-four hours per day to transport residents to nearby medical facilities.  Pl. Comp., ¶ 25.  Plaintiffs' requested relief was a return to the level of services previously provided, and specifically, that the Home provide adequate resources (transportation) to permit residents to obtain any necessary secondary or tertiary care.  Pl. Comp., p. 13.  There can be no dispute that the Home provides adequate transportation to permit residents to obtain necessary secondary and tertiary care.  Plaintiffs themselves cite to a July 11, 2005 Fact Sheet whereby the Chief Operating Officer, Mr. Cox, established a policy for after hours, non-emergency transportation for the Home's residents.  See AFRH Chief Operating Officer Fact Sheet No. 10, (attached to Plaintiffs' Statement of Material Facts for Which There Exists an Issue to Be Litigated).

Plaintiffs do not dispute the fact that daily scheduled transportation is provided for residents during weekdays.  However, Plaintiffs have raised (for the first time in their opposition

to Defendants' motion) a complaint that the Home does not provide daily scheduled transportation on the weekends. The Court should not consider the Plaintiffs' claim that the Home does not provide scheduled transportation on the weekends because the claim does not appear in the complaint. The Home's policy is to provide transportation to nearby medical facilities after normal business hours and on weekends and holidays. Docket entry 17, att. 1 ¶ 6 d.

      The provision of transportation, after-hours is permitted by the statute but not required. Newly enacted subsection (d) states "The Retirement Home **may** provide, based on a determination of medical need, unscheduled transportation for a resident of the facility to any medical facility located not more than 30 miles from the facility for the provision of necessary and urgent medical care for the resident." 24 U.S.C. 413(d). (emphasis added). The only non-discretionary aspect of transportation is the provision of daily scheduled transportation. Plaintiffs provide one declaration from a resident who alleges he was not provided after hours transportation on one occasion when he felt he needed it. See Murray Decl. Plaintiffs do not and cannot show that the Home had a duty to provide any after hours transportation, or that in the individual case that a determination of medical need was made and that the care sought was necessary and urgent as required by the statute before the Home is even permitted to provide the transportation. Thus, the Home is in compliance with 24 U.S.C. § 413 (d) and Plaintiffs' complaint with regard to transportation has been rendered moot as well.

      C.    Other Health Care Services.

      Plaintiffs also raise concerns in their complaint regarding the provision of medical services such as medications, x-rays, and electrocardiograms. Plaintiffs allege these services

should be provided on site. Comp. p. 13-14. Medical services such as those listed above were also addressed in the recently passed NDAA.

> To ensure the availability of health care services for residents of a facility of the Retirement Home, the Chief Operating Officer, in consultation with the Medical Director, shall establish uniform standards, appropriate to the medical needs of the residents, for access to health care services during and after the daily business hours of the facility.

24 U.S.C. § 413 (c)(3).

Congress clearly refers to "access to health care services" as opposed to requiring these services to be available at the Home. There is no statutory requirement that these health care services be provided at the Home as Plaintiffs complain. Despite the lack of a statutory requirement to provide these services at the Home, Defendants, in fact, provide many medical services on site. As Mr. Cox states in his declaration, a medication room is available on site to provide residents with their medications obtained through prescription from Walter Reed Army Medical Center. Cox Decl. ¶ 6(e). In addition, the Home provides on site x-ray services through a contractor. Cox Decl. ¶ 6(f).

IV.     Conclusion.

The change in the statute has removed any basis for Plaintiffs' action. Any doubt as to whether the Home's policies comply with 24U.S.C. § 413 has been removed by the recent enactment of the NDAA. With the recent changes to the statute there is no basis for Plaintiffs' claims. Plaintiffs' allegation of individual instances of plaintiffs allegedly not receiving the care mandated by the Home's policies are not amenable to the sweeping equitable relief sought. Plaintiff's complaint has been rendered moot and should be dismissed. For the foregoing reasons

and those stated in our Renewed Motion to Dismiss, Defendants respectfully request that this Court dismiss plaintiff's amended complaint with prejudice.

                         Respectfully submitted,

                        _____/s_____
                        KENNETH L. WAINSTEIN, D.C. Bar #451058
                        United States Attorney

                        _____/s_____
                        RUDOLPH C. CONTRERAS D.C. Bar No. 434122
                        Assistant United States Attorney

                        _____/s_____
                        KEVIN K. ROBITAILLE
                        Special Assistant U.S. Attorney
                        555 Fourth Street, N.W.
                        Washington, D.C. 20530
                        (202) 353-9895