UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 31 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARTIN CODY, et al.,           )
                               )
    Plaintiffs,                )
                               )
    v.                         )   Civ. Action No. 05-1041 (RJL)
                               )
DONALD RUMSFELD,               )
Secretary of Defense, et al.,  )
                               )
    Defendants.                )

### MEMORANDUM OPINION
(July 30 2006) [# 8, # 21]

Plaintiffs, full time residents of the Armed Forces Retirement Home - Washington (hereinafter the "AFRH - Washington") and former members of the United States Armed Services, brought this action seeking to compel defendants, the Honorable Donald Rumsfeld, Secretary of Defense, and Timothy Cox, the Chief Operating Officer ("COO") of the AFRH - Washington, to comply with Title 24 of the United States Code Section 413 and provide to the residents of the AFRH - Washington and AFRH - Gulfport (collectively "AFRHs") high quality and cost-effective health care. Currently before the Court are defendants' Renewed Motion to Dismiss the Complaint for lack of subject matter jurisdiction, as amendments to the statute at the crux of this litigation have rendered the Complaint moot and Plaintiff's Motion for Class Certification. Upon consideration of the pleadings, the amendments to 24 U.S.C. § 413, and the entire record herein, the Court GRANTS defendants' Renewed Motion to Dismiss and DENIES AS MOOT plaintiffs' Motion for Class Certification.

## BACKGROUND

Plaintiffs filed their Complaint seeking injunctive relief from defendants on May 24, 2005. In particular, plaintiffs seek to force defendants to comply with 24 U.S.C. § 413 and have the Court order defendants to "restore the level of services previously provided at the [AFRHs] and to otherwise provide for the overall health care needs of residents in a high quality manner," and to "[a]ward such other and further relief . . . as the Court may deem just and proper." (Compl. 13-14.) In asking the Court to order defendants to provide for the overall health care needs of the residents of the AFRH - Washington in a "high quality" manner, plaintiffs specifically ask the Court to order defendants: (1) to maintain "a primary treatment room, staffed by an on-location physician, to provide primary health care to residents of the [AFRHs] seven days a week, twenty-four hours a day;" (2) to maintain "the ability to provide promptly the medications required for the treatment of residents;" (3) to maintain on-site health care services; (4) to provide "annual examinations for each resident;" and (5) when required, to provide "adequate resources (such as transportation) to permit residents to obtain" secondary or tertiary care. (Compl. 13-14.) At the time that the Complaint was filed, Section 413 of Title 24 of the United States Code ("Section 413") provided as follows:

> (a) Services provided. Except as provided in subsection (b), a resident of the Retirement Home shall receive the services authorized by the Chief Operating Officer.
>
> (b) Medical and dental care. The Retirement Home shall provide for the overall health care needs of residents in a high quality and cost-effective manner, including on site primary care, medical care, and a continuum of

long-term care services. Secondary and tertiary hospital care for residents that is not available at a facility of the Retirement Home shall, to the extent available, be obtained by agreement with the Secretary of Veterans Affairs or the Secretary of Defense in a facility administered by such Secretary. The Retirement Home shall not be responsible for the costs incurred for such care by a resident of the Retirement Home who uses a private medical facility for such care. The Retirement Home may not construct an acute care facility.

24 U.S.C. § 413 (2005).

On January 6, 2006, however, President George W. Bush signed into law the National Defense Authorization Act for Fiscal Year 2006 ("NDAA"). Pub. L. No. 109-163, § 909, 119 Stat. 3136, ___ (2006). Section 909 of the NDAA is entitled, "Improvements in Health Care Services for Residents of Armed Forces Retirement Home" and specifically amends Section 413 by adding subsections (c) and (d) which set forth in greater particularity certain necessary features of the healthcare services provided to retirees. In specific, it states:

> (c) Availability of physicians and dentists.
> (1) In providing for the health care needs of residents at a facility of the Retirement Home under subsection (b), the Retirement Home shall have a physician and a dentist--
> (A) available at the facility during the daily business hours of the facility; and
> (B) available on an on-call basis at other times.
> (2) The physicians and dentists required by this subsection shall have the skills and experience suited to residents of the facility served by the physicians and dentists.
> (3) To ensure the availability of health care services for residents of a facility of the Retirement Home, the Chief Operating Officer, in consultation with the Medical Director, shall establish uniform standards, appropriate to the medical needs of the residents, for access to health care services during and after the daily business hours of the facility.
>
> (d) Transportation to medical care outside retirement home facilities.
> (1) With respect to each facility of the Retirement Home, the Retirement Home shall provide daily scheduled transportation to nearby

3

> medical facilities used by residents of the facility. The Retirement Home may provide, based on a determination of medical need, unscheduled transportation for a resident of the facility to any medical facility located not more than 30 miles from the facility for the provision of necessary and urgent medical care for the resident.
>    (2) The Retirement Home may not collect a fee from a resident for transportation provided under this subsection.

NDAA, Pub. L. No. 109-163, § 909, 119 Stat. 3136, ___ (2006); 24 U.S.C. § 413 (c) and (d) (2006). Indeed, the amendments to 24 U.S.C. § 413 specifically address the availability of physicians and dentists at the AFRHs, the skills and experience required by such physicians and dentists, who shall establish the uniform standards for access to health care services for the residents during and after the daily business hours of the AFRHs, and the transportation for medical purposes to be provided to the residents of the AFRHs. 24 U.S.C. § 413(c) and (d).

Plaintiffs contend that the amendments to 24 U.S.C. § 413, however, do not render this action moot as defendants are still in violation of the statute by not providing "high quality" health care to the residents of the AFRHs. (Pls.' Opp'n to Defs.' Renewed Mot. Dismiss ("Pls.' Opp'n") 2-5.) In response, defendants contend that the amendments to the statute "ratify the actions and policies with regard to health care at the [AFRH - Washington]," effectively rendering the case moot by making it impossible for the Court to Grant any effectual relief whatsoever to the prevailing party.[1] (Defs.' Renewed Mot.

---

[1] As in a motion to dismiss for failure to state a claim, here, the Court must accept the non-moving party's allegations as true, construing them in the light most favorable to that party. *See Kalil v. Johanns*, 407 F. Supp. 2d 94, 96-97 (D.D.C. 2005); *Caesar v. United States*, 258 F. Supp. 2d 1, 2 (D.D.C. 2003). The Court, however, is not confined to the pleadings and may consider outside matters in considering the motion. *Kalil*, 407 F. Supp. 2d at 97 (noting that "the Court can consider matters outside of the pleadings when resolving challenges to subject matter jurisdiction.").

4

Dismiss 5); *see Beethoven.com L.L.C. v. Librarian of Congress*, 394 F.3d 939, 950 (D.C. Cir. 2005) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

## ANALYSIS

In order for the Court to have jurisdiction in this case, there must be an "actual 'Case' or 'Controversy.'" *Utah v. Evans*, 536 U.S. 452, 459 (2002) (citing U.S. Const., Art. III, § 2, cl. 1). Plaintiffs, however, define the "high quality health care" they seek for the retirees in such a way as to be specifically contradicted by Congress' recent legislation. *Compare* Compl. 13-14 *with* 24 U.S.C. § 413(c) and (d). As a result, plaintiffs are left asking this Court, in essence, to provide relief beyond the scope of that recently mandated by Congress. Defendants contend that as the healthcare currently afforded retirees is consistent with the recent legislative changes, there is no violation of federal law for the Court to rectify. The Court agrees.

First, plaintiffs ask the Court to order defendants to maintain "a primary treatment room, staffed by an on-location physician, to provide primary health care to residents of the [AFRH - Washington] seven days a week, twenty-four hours a day." (Compl. 13.) Yet, subsection (c) of the act, as amended, requires that a physician and a dentist be available at the AFRH - Washington "during daily business hours of the facility" and that a physician and dentist be "available on an on-call basis at other times." 24 U.S.C. § 413 (c). This new subsection of the act thus renders the Court unable to provide the first requested relief to plaintiffs as the home's current practices are consistent with the statute as amended, and, thus, does not pose a live controversy.

Plaintiffs also request the Court to order defendants to maintain "the ability to provide promptly the medications required for the treatment of residents," to maintain "the ability to provide on-site x-ray services, electrocardiogram services, laboratory work, and such other services as are required to provide for the primary health care needs of the residents," and to provide "annual examinations for each resident to assess their overall physical and mental condition." (Compl. 13-14.) However, subsection (c)(3) of the act empowers the COO to "establish uniform standards, appropriate to the medical needs of the residents, for access to health care services during and after the daily business hours of the facility." 24 U.S.C. § 413(c)(3). Thus, plaintiffs are essentially asking this Court for relief which it can no longer provide, as the standards controlling the access to medication, access to other medical services, and annual medical examinations for residents of AFRH - Washington are yet to be established under the act by its COO. For this Court to order the relief requested prior to those standards being set would supplant the power given to the COOs of the AFRHs by Congress. Accordingly, this relief requested by plaintiffs is being sought prematurely, and a live controversy is not yet before this Court.

Finally, plaintiffs ask the Court to order defendants to provide the residents of the AFRHs with "adequate resources (such as transportation)," "when secondary or tertiary care is required." (Compl. 14.) Yet, subsection (d) of the recently amended statute addresses this concern by providing that "the Retirement Home shall provide daily scheduled transportation to nearby medical facilities used by residents of the facility" and that the "Retirement Home may provide, based on a determination of medical need, unscheduled transportation for a

resident of the facility to any medical facility located not more than 30 miles from the facility for the provision of necessary and urgent medical care for the resident." 24 U.S.C. § 413(d). As the statute now clearly delineates what types of transportation the AFRHs must provide for its residents, it would additionally undermine the authority of the COO for the Court to order secondary or tertiary care needs prior to the COO's exercise of his judgment. Thus, the statutory amendments have effectively rendered the relief sought as moot by prematurely attacking the exercise of the COO's judgment as to how to provide these services.

In the final analysis, the recent amendments to the statute clearly delineate what types of medical and dental care are to be provided by the AFRHs to their residents and who should establish the standards for resident access to health care services. 24 U.S.C. § 413(c). Undoubtedly, Congress enacted these changes to not only establish more clearly the specific types of medical and dental care that should be provided at the AFRHs, but to better define what types of health care would meet the "high quality" requirements of subsection (b) of Section 413. Indeed, all of the specific forms of relief requested by plaintiffs have been addressed by the amendments to Section 413. *See* 24 U.S.C. § 413(c) and (d). Even plaintiffs' claim for "other and further relief . . . as the Court may deem just and proper" has been addressed by the amendments to the statute, as the amendment proscribes the types of medical and dental care that should be provided to the residents of the AFRHs and the types of access to health care services which will be available at the AFRHs.[2] And while dismissal

---

[2] Without opining on whether or not there has been or was a violation of Section 413, the Court finds, as in *Dial v. Cooler*, that there is no continuing violation of federal law due to the amendment to Section 413. 791 F.2d 78, 80 (7th Cir. 1986) (affirming the dismissal of one class of plaintiffs due to the fact that a federal law was amended and there was no longer a "continuing violation of federal law")

on the grounds of mootness is "justified" only when it is "absolutely clear that the litigant no longer [has] any need of the judicial protection that it sought," *Adarand Constr., Inc. v. Slater*, 528 U.S. 216, 224 (2000), here, Congress, by specifying the "protections" that should be provided to the residents of the ARFHs, effectively rendered this case moot. *See Beethoven.com*, 394 F.3d. at 950.[3]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' Renewed Motion to Dismiss and DENIES AS MOOT plaintiffs' Motion for Class Certification. An appropriate Order will issue with this Memorandum Opinion.



RICHARD J. LEON
United States District Judge

---

(citing *Green v. Mansour*, 474 U.S. 64, 71 (1985)). Plaintiff points to *Vietnam Veterans of America v. Principi*, No. 04-0103, 2005 WL 901133, as an analogous case. (Pls.' Opp'n 3-4.) However, that case involved the issuance of subsequent agency memorandum, not an amendment to a federal law. *See Vietnam Veterans*, 2005 WL 901133, at *1-3. In this instance, the amendments to Section 413 clearly defined what defendants are required to provide to the residents of the AFRHs and, thus, ended any alleged violation of the statute by defendants. *Compare* Compl. 13-14 *with* 24 U.S.C. § 413(c) and (d).

[3] Plaintiffs also request that they should be allowed to conduct limited discovery purely on the threshold jurisdictional issue. (Pls.' Opp'n 14-16 (citing *Wilderness Soc. v. Griles*, 824 F.2d 4, 16 n.10 (D.C. Cir. 1987)).) However, the Court finds that limited discovery would be unnecessary as the amendments to Section 413 already address the alleged deficiencies at the AFRHs that plaintiffs hope to cure with their lawsuit.