UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Martin Cody, Louis Spirito, William A. Jentarra, William D. Woods, John Colburn, Eugene Hill, Jr., Franklin E. Cook, Jr., Gracie W. Carpenter, Charles E. Recla, Benedetto D. Renzi, Theodore Wilson, Michael R. George, Warren D. Helm, <br><br> Miriam C. Rivkin <br> Armed Forces Retirement Home <br> 3700 North Capitol Street, N.W. <br> Washington, D.C. 20011-8400, <br><br> Robert O. Devaney <br> Armed Forces Retirement Home <br> 3700 North Capitol Street, N.W. <br> Washington, D.C. 20011-8400, <br><br> and <br><br> Edward H. Woessner <br> Armed Forces Retirement Home <br> 3700 North Capitol Street, N.W. <br> Washington, D.C. 20011-8400, <br><br> Plaintiffs, Individually and as Class Representatives, <br><br> vs. <br><br> The Honorable Robert M. Gates, et al., <br><br> Defendants. | Civil Action No. 1:05-cv-01041 (RJL) |

## FIRST AMENDED COMPLAINT

Plaintiffs, individually and as representatives of the residents of the Armed Forces Retirement Home – Washington, formerly the United States' soldiers' and airmen's home (the "Home"), seek to compel the Secretary of Defense, the Honorable Robert M. Gates, and the Chief Operating Officer of the Armed Forces Retirement Home (the "AFRH"), Timothy C. Cox,

1

to comply with their duty pursuant to 24 U.S.C. § 413, which mandates that the AFRH shall provide for the overall health care needs of residents in a high quality and cost-effective manner, including on site primary care, medical care, dental care, pharmaceutical services, and a continuum of long-term care services.

## SUMMARY OF ACTION

1. This action concerns the failure of Defendants to provide residents of the Home the high quality, on-site health services that are mandated by statute, and Defendants' elimination and/or degradation of various heath care services previously provided to the residents.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361.

3. Venue is appropriate in this district because Defendants reside in the District of Columbia and a substantial part of the events or omissions giving rise to the claims occurred here.

## PARTIES

4. Plaintiffs are full time residents of the Home and are former members of the United States Armed Services. Mr. Cody is a member of the United States Navy (retired). Mr. Spirito is a member of the United States Air Force (retired). Mr. Jentarra is a member of the United States Air Force (retired). Mr. Woods is a member of the United States Army (retired). Mr. Colburn is a member of the United States Army (retired). Mr. Hill is a member of the United States Navy (retired). Mr. Cook is a member of the United States Air Force (retired). Ms. Carpenter is a member of the United States Army (retired). Mr. Recla is a member of the

United States Marine Corps (retired). Mr. Renzi is a member of the United States Air Force (retired). Mr. Wilson is a member of the United States Army (retired). Mr. George is a member of the United States Navy (retired). Mr. Helm is a member of the United States Army (retired). Ms. Rivkin is a member of the Army Air Corps. Mr. Devaney is a member of the United States Coast Guard. Mr. Woessner is a member of the United States Air Force (retired).

5. The Honorable Robert M. Gates is the Secretary of Defense, and, in that capacity, is responsible for the administration of the Home. 24 U.S.C. § 411(d)(3). He is sued in his official capacity.

6. Timothy C. Cox is the Chief Operating Officer of the Home, and is directly in charge of the management of the Home. 24 U.S.C. § 411(d)(2). He is sued in his official capacity.

## CLASS ACTION ALLEGATIONS

7. Plaintiffs are suing on behalf of themselves and all other persons similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure. The class represented consists of all current residents of the Home. Plaintiffs and other class members, all veterans of the United States Military, have been adversely affected by Defendants' failure to provide high quality medical and dental care as mandated by 24 U.S.C. § 413. The practices violating this statute are described more fully below.

8. The class is so numerous that pursuit of individual actions on behalf of each class member would be impracticable, as would joinder of such individual claims. There are approximately 1,100 residents of the Home, each of whom are, and will continue to be, affected by Defendants' failure to comply with their statutory obligations under 24 U.S.C. § 413.

9. There are common questions of law and fact impacting the class. Each class member is entitled to high-quality, on-site medical and dental care as is set forth in 24 U.S.C. § 413. Defendants' failure to provide medical and dental services in accordance with 24 U.S.C. § 413 has impacted the members of the class in a similar manner. An order providing the relief sought in this action will affect all or substantially all of the residents of the Home.

10. The representative parties of the proposed class are bringing claims typical to those of the entire class. The representative parties have been impacted by Defendants' failure to provide the level and quality of medical and dental care required by 24 U.S.C. § 413. The representative parties seek an injunction requiring Defendants to provide the types of medical and dental services required by 24 U.S.C. § 413, in the manner required by 24 U.S.C. § 413, and to otherwise comply with the requirements of 24 U.S.C. § 413. The relief sought is the same relief each class member would assert individually. There is nothing about the nature of Plaintiffs' claims, nor the circumstances surrounding them, that suggests they are atypical of the class or peculiar to the representatives personally.

11. The class representatives and their legal counsel will fairly and adequately protect the interests of the class as a whole. The class representatives are veterans of the United States Military, representing all four branches and service to this country in World War II, the Korean, and Vietnam Wars. They are well-regarded by the members of the class, and have demonstrated knowledge of the Home, its practices and procedures, and the level of health care provided at the Home at all relevant times. There is no evidence of conflicts of interest between these representatives and the members of the class. Further, counsel for the representatives has investigated the claims asserted herein and possesses the knowledge and skill to represent the class.

12.     Defendants have failed to comply with their statutory obligations to Plaintiffs and other residents of the Home as mandated by 24 U.S.C. § 413.  Prior to bringing this action, Plaintiffs demanded that Defendants restore medical and dental services previously provided and otherwise comply with the requirements of 24 U.S.C. § 413.  Defendants refused.  As Defendants have refused to act on grounds applicable to Plaintiffs and all residents of the Home, injunctive relief is appropriate with respect to the class as a whole.

## FACTS

13.     The purpose of the AFRH is to provide residence and related services for certain retired and former members of the United States armed forces.  The AFRH consists of two separate facilities: (i) the Home, located in the District of Columbia, which was formerly the United States soldiers' and airmen's home; and (ii) the Armed Forces Retirement Home – Gulfport (the "Gulfport facility"), located in Gulfport, Mississippi, which was formerly the Naval Home.  24 U.S.C § 411(c).  The Gulfport facility was damaged in Hurricane Katrina in August, 2005, and its residents were transferred to the Home.

14.     The Home is currently a full-time residence for approximately 1,100 Army, Navy, Marine and Air Force veterans.  Approximately 800 of the residents live in an independent living residence (the "Independent Living Residence"), with the remaining retirees resident in the King Hill Center, an assisted living and nursing facility.  Most of the residents are retired after twenty or more years of service.  Of that number, some are indigent and all are on limited, fixed incomes.

15.     The operation of the Home is financed solely through a trust fund which includes primarily funds previously held in trust of the United States soldiers' and airmen's home, amounts paid as monthly fees by residents of the Home, fines and forfeitures levied upon active

5

duty members of the Armed Forces, and monthly deductions (currently 50 cents per month) from the pay of enlisted members and warrant officers of the Armed Forces. 24 U.S.C. § 419.

16. In general, a resident of the Home shall receive the services authorized by the Chief Operating Officer. 24 U.S.C. § 413(a). With respect to medical and dental care, however, the Home is <u>required</u> to provide the following services:

> (b) Medical and dental care.
>
> The Retirement Home *shall provide for the overall health care needs of residents in a high quality and cost-effective manner, including on site primary care, medical care, and a continuum of long-term care services*. The services provided residents of the Retirement Home shall include appropriate nonacute *medical and dental services, pharmaceutical services, and transportation of residents, which shall be provided at no cost to residents*. Secondary and tertiary hospital care for residents that is not available at a facility of the Retirement Home shall, to the extent available, be obtained by agreement with the Secretary of Veterans Affairs or the Secretary of Defense in a facility administered by such Secretary. Except as provided in subsection (d), the Retirement Home shall not be responsible for the costs incurred for such care by a resident of the Retirement Home who uses a private medical facility for such care. The Retirement Home may not construct an acute care facility.

24 U.S.C. § 413(b) (emphasis added).

17. In addition to these broad mandates, the statute contains specific requirements regarding certain aspects of the care to be provided to the residents:

> (c) Availability of physicians and dentists.
>  (1) In providing for the health care needs of residents at a facility of the Retirement Home under subsection (b), *the Retirement Home shall have a physician and a dentist--*
>   (A) *available at the facility during the daily business hours of the facility*; and
>   (B) *available on an on-call basis at other times*.
>  (2) The physicians and dentists required by this subsection shall have the skills and experience suited to residents of the facility served by the physicians and dentists.
>  (3) To ensure the availability of health care services for residents of a facility of the Retirement Home, the Chief Operating Officer, in consultation with the Medical Director, shall establish uniform standards,

> appropriate to the medical needs of the residents, for access to health care services during and after the daily business hours of the facility.

24 U.S.C. § 413(c) (emphasis added).

18. Mr. Cox and the management of the Home have embarked on a series of cost-cutting measures, including measures that have reduced or eliminated health care services previously provided at the Home. These cutbacks adversely affect the health, welfare and well-being of Plaintiffs and other residents of the Home.

19. Previously, the primary treatment room at the Home was staffed by doctors and physician's assistants who were available to provide health care services to residents twenty-four hours a day, seven days a week. These services included:

(a) Necessary personnel and equipment to provide on site X-ray services, electrocardiogram services, and to draw blood;

(b) Its own pharmacy with a pharmacist and an inventory of medicines, allowing residents to receive medications in a timely manner;

(c) Treatment for falls, cuts, bruises, nosebleeds, and other daily medical problems at any time of day or night;

(d) Sufficient staffing of dentists and hygienists to provide dental services to the residents in a timely manner;

(e) The assignment of a primary care physician or physician's assistant to each resident and an on site annual physical examination for each resident, to assess and monitor their overall physical and mental condition;

(f) A psychiatrist available to provide on site mental health services;

(g) A vehicle exclusively for use by the D.C. facility to transport residents to Walter Reed Hospital or Bethesda Naval Hospital for care as needed. Because these two facilities are military hospitals, residents sent to these facilities were treated free of charge; and

(h) A mobile emergency services vehicle for use when necessary.

20. On November 10, 2003, the primary treatment room was closed and all of these services were terminated or reduced.

21. The Home does not provide either the level or quality of medical and dental services required by 24 U.S.C. § 413(c).

22. The Home has dismissed several physicians and most of the physician's assistants. The two nursing stations at the Home currently provide medical services for only eight hours a day, five days a week. The clinic has a nurse on duty from 4:00 p.m. until midnight on weekdays.

23. The Home does not have a physician available to see patients after the daily business hours of the Home, nor is a physician available to see patients at the Home on weekends or holidays.

24. Medical and nursing personnel who provide services at the Home lack the necessary medical supplies, negatively impacting the quality of care provided to residents. Upon information and belief, the supply of sterile dressings has run out and, on occasion, unsterile dressings have been used to provide medical care to residents. Also, nursing staff have purchased supplies on their own at drugstores in order to provide basic primary care for residents.

25. The staffing for dental services at the Home is inadequate to meet the residents' dental needs. Residents must wait months for an appointment, and dental emergencies often cannot be addressed in timely and appropriate fashion. As a result, residents have obtained dental care from private dentists at their own expense. In addition, the Home does not have a dentist on call after the daily business hours of the Home, nor is a dentist on call at the Home on weekends or holidays.

26. There is no longer any provision to prescribe or administer medications to outpatients over weekends at the Home. In the case of new prescriptions, residents frequently have to wait several days before the prescriptions are filled. Upon information and belief, there have been repeated mistakes in prescribing medications to residents.

27. In addition to cutting on site services at the Home, transportation services have also been reduced, making it far more difficult for residents to obtain medical treatment and health services that are not available at the Home. Previously, vehicles were available twenty-four hours a day to take residents from the Home to Walter Reed Hospital, Bethesda Naval Hospital, or other area hospitals. The Home does not provide scheduled transportation to these medical facilities on weekends and holidays or after 4:00 p.m. during the week.

28. Furthermore, residents who have a medical emergency that cannot be treated on-site at the Home are told to "call 911" to summon an ambulance. These ambulances transport residents to the nearest hospital where they are treated as civilians, not Walter Reed or Bethesda Naval Hospitals. Residents must pay not only for such ambulance transport, but also for any non-covered medical bills incurred at a civilian hospital.

29. As a result, residents frequently resort to taxis or private transportation if they desire treatment at Walter Reed or Bethesda Naval Hospitals for medical emergencies. Because of the expenses involved in calling for an ambulance or taxi, some residents forego seeking treatment.

30. The Chief Operating Officer has not established the uniform standards for access to health care services at the Home as required by 24 U.S.C. § 413(c)(3).

31. The asserted rationale for these cutbacks in health services at the Home is the need to reduce costs. Significantly, the Home's management has failed to utilize a readily

9

available option to increase the funding for the Home. In 1994, Congress amended 37 U.S.C. § 1007(i) to authorize the Department of Defense to increase the 50 cent monthly assessment deducted from the pay of active military personnel for the AFRH's trust fund revenue to $1.00 per month. This increased deduction, if implemented, would generate approximately $7 million annually in additional revenue for the AFRH. The Secretary of Defense has not approved this increase in the payroll deduction.

32. Residents of the Home have continually expressed to management, including Mr. Cox, their concerns about the reduction in medical services and requested the restoration of those services without success.

33. On February 19, 2004, Plaintiffs, through their representatives, sent a letter to the Secretary of Defense, Donald Rumsfeld, explaining how cutbacks in health services at the Home violated both the letter and spirit of 24 U.S.C. § 413 and seeking appropriate relief.

34. The Office of the Secretary of the Department of Defense did not reply. On April 27, 2004, Mr. Cox responded to the letter on behalf of the Department of Defense. He asserted that the reduced level of services complied with all statutory requirements.

35. In February, 2005, in a final effort to see if legal action might be avoided, representatives of the Plaintiffs, including one of the named Plaintiffs, met personally with representatives of the Department of Defense to request that Plaintiffs be provided with the medical care mandated by 24 U.S.C. § 413. Unfortunately, Defendants did not take remedial measures as a result of that meeting, leaving Plaintiffs with no alternative but to file this action.

## COUNT 1

### Violation of a Statutory Duty Owed to Home Residents

36.     Plaintiffs, individually and on behalf of the class, hereby incorporate the allegations contained in paragraphs 1 through 35.

37.     24 U.S.C. § 413 imposes a clear, nondiscretionary duty on Defendants.

38.     Defendants have violated and/or failed to perform the duty imposed on them by 24 U.S.C. § 413.

39.     Plaintiffs and members of the class are the intended beneficiaries of 24 U.S.C. § 413 and have a clear right pursuant to that statute.

40.     Plaintiffs have exhausted all other avenues of relief, including any administrative remedies.

41.     This Court has authority, pursuant to 5 U.S.C. § 706 and 28 U.S.C. § 1361 to grant Plaintiffs injunctive relief requiring Defendants to perform their obligations under 24 U.S.C. § 413.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs, individually and on behalf of the class, request that this Court:

(a)     Enter an order directing the Secretary of Defense and the Chief Operating Officer of the Home to provide for the overall health care needs of residents in a high quality manner by, including but not limited to:

(i)     Making qualified physicians available to provide primary health care to residents during the business hours of the Home, and available to see residents as needed at times other than the daily business hours of the Home;

  (ii) Making qualified dentists available to provide dental care to residents during the business hours of the Home, and available to see residents as needed at times other than the daily business hours of the facility;

  (iii) Maintaining the ability to provide promptly the medications required for the treatment of residents, including providing new prescriptions the same day that they are prescribed;

  (iv) Maintaining the ability to provide on-site x-ray services, electrocargiogram services, laboratory work, and such other services as are required to provide for the primary health care needs of the residents;

  (v) Establishing uniform standards appropriate to the medical needs of the residents for access to health care services at the Home;

  (vi) Providing reliable scheduled transportation to other medical facilities every day, including weekends and holidays, at no charge to the residents.

  (vii) Providing annual examinations for each resident to assess their overall physical and mental condition; and

 (b) Award such other and further relief, including costs and attorneys' fees, as the Court may deem just and proper.

Dated: March 11, 2008
   Washington, D.C.

Respectfully Submitted,


      /s/ David H. Bamberger
David H. Bamberger (D.C. Bar No. 362285)
J. David Folds (D.C. Bar No. 449791)
Syma Mirza (D.C. Bar No. 978859)
DLA PIPER U.S. LLP
500 8th Street, N.W.
Washington, D.C. 20015
Phone: (202) 799-4000
Fax: (202) 799-5000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2008, I caused a true and correct copy of the First Amended Complaint to be served, by filing via electronic mail with the Court, and by hand delivery on:

> Brian Christopher Baldrate
> Kevin K. Robitaille
> U.S. Attorney's Office for the District of Columbia
> 555 Fourth Street, N.W.
> Washington, D.C.  20530

>    /s/ David H. Bamberger
> David H. Bamberger