Page 1

```
            UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA


MARTIN CODY, ET AL.,            :   Docket No. CV05-1041
                                :   (RJL)
         Plaintiff,             :
                                :   April 3, 2008
                                :
v.                              :   3:30 p.m.
                                :
TIMOTHY C. COX, ET AL.,         :
                                :
         Defendants.            :
. . . . . . . . . . . . . .


             TRANSCRIPT OF STATUS HEARING
         BEFORE THE HONORABLE RICHARD J. LEON
             UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the Plaintiffs:          DAVID H. BAMBERGER, ESQ.
                             SYMA MIRZA, ESQ.
                             DLA Piper US LLP
                             500 8th Street, NW
                             Washington, DC 20004

For the Defendants:          BRIAN BALDRATE, ESQ.
                             U.S. Attorney Office
                             555 4th Street, NW
                             Washington, DC 20530

Court Reporter:              PATTY ARTRIP GELS, RMR
                             Official Court Reporter
                             Room 4700-A, U.S. Courthouse
                             Washington, D.C. 20001
                             (202) 962-0200

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2           COURTROOM DEPUTY:  The next matter is Martin Cody, et
 3  al. versus Timothy C. Cox, et al., Civil Action 05-1041.  The
 4  matter before the Court is a Status Hearing.
 5           Counsel come forth and state your appearances for the
 6  record, please.
 7           MR. BAMBERGER:  Good afternoon, your Honor, David
 8  Bamberger along with my colleague Syma Mirza for the Plaintiffs.
 9           THE COURT:  Welcome back.
10           MR. BALDRATE:  Good afternoon, your Honor.  Brian
11  Baldrate for the Government.  I am along with agency counsel for
12  the Army, Major Lanny Acosta.
13           THE COURT:  Welcome.
14           MR. BALDRATE:  Thank you.
15           THE COURT:  Well, counsel, obviously the Circuit Court
16  has spoken so now the question is what do we do next? I wanted
17  to give each side a chance to share its perspective on how best
18  to proceed here.  I usually hear from the moving party first,
19  the Plaintiffs.
20           MR. BAMBERGER:  Thank you, your Honor. Your Honor, we
21  believe that there are essentially three issues that deserve
22  some mention at this status conference.
23           First, as your Honor may be aware, we have amended the
24  complaints since the case has come back.  We do not yet have a
25  response from the Government, but presumably that's forthcoming.
```

1    Secondly, at the time when the Government filed its
2    Motion to Dismiss, which would have been back in -- actually
3    Amended Motion to Dismiss or Supplemental Motion, this would
4    have been back in early 2006, we were scheduled to have a
5    hearing on the class certification Motion that we had filed the
6    previous summer and that's been fully briefed.  We filed our
7    Motion and brief.  The Government filed their brief and then we
8    filed a reply.
9    As part of the order that was entered in the summer of
10   2006 granting the Government's Motion to Dismiss, our Motion for
11   class certification was deemed moot; and we have filed yesterday
12   a consent Motion to have that portion of the Court's Order
13   vacated so that the class certification Motion can be heard and
14   adjudicated.
15   Frankly, the class certification Motion I would
16   characterize as not strongly contested by the Government, but I
17   don't want to speak for them.
18   Then, finally, we had served on the Government back in
19   the fall of 2005, about two-and-a-half years ago, our first
20   discovery requests, requests for production of documents on both
21   Defendants; and those were stayed pending the resolution of the
22   Government's Motion to Dismiss.
23   When that was granted, of course, the discovery
24   requests were not responded to, but we would ask that the Court
25   set a date for the Government to respond to those requests now

1   which obviously have been pending for some time.

2          THE COURT: You want to respond to the Amended

3   Complaint first, right?

4          MR. BAMBERGER: Yes, your Honor, and frankly that's

5   past due, that response.

6          THE COURT: All right. So you need an answer to the

7   Amended Complaint. You have got a Rule 16 joint proposed

8   discovery order yet?

9          MR. BAMBERGER: Not yet, your Honor.

10         THE COURT: All right. So both sides need to meet say

11  in the next ten days to come up with a Joint Proposed Scheduling

12  Order. Hopefully you can agree on a schedule.

13         MR. BAMBERGER: I hope so.

14         THE COURT: And I don't see any reason why we can't get

15  going on discovery. The class certification issue I don't think

16  has to be resolved before the discovery commences. I think we

17  need to get the discovery going, and we will deal with the class

18  certification issue at the appropriate time. I will take a look

19  at those pleadings.

20         I don't know if there is any need for supplemental

21  pleadings since it has been so long. I will give each side a

22  chance to review it and see if they need to add anything to what

23  they have already either said -- for all I know, precedent will

24  come down from the Circuit Court or the Supreme Court that might

25  be really important on these issues. I don't know. I am just

1  saying it could have happened.

2  So I want to give you a chance if that happened to
3  weigh in on that issue, on the class certification issue.

4  So I will give you why don't we just say two weeks to
5  do everything. Two weeks to do the meet and confer Rule 16,
6  file the Amended Complaint, and then file any kind of class
7  certification supplemental pleadings that may be necessary under
8  the circumstances.

9  MR. BAMBERGER: Your Honor, the Amended Complaint has
10  been filed. I assume you just misspoke. You mean the response?

11  THE COURT: Answer, file the answer, yes.

12  MR. BAMBERGER: Yes. That's all we had, your Honor.

13  THE COURT: Very good. Mr. Baldrate.

14  MR. BALDRATE: Yes, your Honor, I have a couple
15  different perspectives I would like to offer to the Court on the
16  issues that Plaintiff just raised and I will take them in turn.

17  The class certification issue, your Honor, I agree with
18  your approach. I think that's fine. I don't see an issue with
19  it. The Amended Complaint my understanding is he filed the
20  Amended Complaint on March of this year so I think I still have
21  a little while to answer. That being said it is essentially the
22  same complaint as was filed before with some changes to the
23  prayer for relief so it is not a big issue. The major issue I
24  have is the discovery, your Honor.

25  THE COURT: You can get it done in two weeks?

1          MR. BALDRATE: Your Honor --

2          THE COURT: The answer, that is.

3          MR. BALDRATE: Your Honor, I would prefer not to and

4   here is why. I would like to file -- I anticipate filing again

5   Dispositive Motions responsive to this. Again, I think this

6   case should now be resolved on Summary Judgment based on the

7   record. In other words, based on the discretion.

8          That was initially our Motion that was filed with you

9   is a Motion to Dismiss or, in alternative, Summary Judgment.

10  The ruling of this Court which was later rejected by the

11  Appellate Court was on mootness, but I think it is certainly

12  still ripe for a Summary Judgment Motion and can be resolved on

13  those facts. In light of their Amended Complaint, we need to

14  slightly modify that Motion, but I anticipate filing a

15  substantive Summary Judgment Motion in doing that.

16         I say that for two reasons. One for the answer and

17  also for the discovery issue. In my view, Plaintiffs will not

18  be willing to listen to other side's argument but my

19  understanding is this is an APA case and there shouldn't be any

20  discovery and so it seems to me that the only issue before the

21  Court is whether the health care decision that was set forth by

22  the agency that will be put forth in the administrative record

23  is somehow arbitrary and capricious.

24         And so my proposal would be that we be given a deadline

25  say 60 days or so to file an administrative record and a Motion

1  for Summary Judgment and they can respond to that in turn and it
2  is a question for the Court is whether or not that decision can
3  withstand a rational basis as to whether it is arbitrary and
4  capricious under the law.
5          THE COURT: What's the discovery they think they need
6  to take?
7          MR. BALDRATE: Your Honor, I am unaware of what proper
8  discovery there would be in an APA case such as this one and
9  that's why we filed the Protective Order initially. We can go
10 down that road, but that's I think something perhaps is worth
11 inquiring into from Plaintiff.
12         THE COURT: You are going to file that Motion when?
13         MR. BALDRATE: Your Honor, with your indulgence, I
14 prefer to file it in 60 days and give us time to put the
15 administrative record together and file a declaration and then a
16 Motion and go from there.
17         THE COURT: All right. Let me see what Mr. Bamberger
18 has to say. What's the discovery you think you need to do over
19 and above the record that's already before?
20         MR. BAMBERGER: Your Honor, essentially there is no
21 record other than affidavits that we submitted in response to
22 the Motion for Summary Judgment that was previously filed. We
23 have not had an opportunity for discovery and, frankly, even in
24 response to informal requests for information, the Army has shut
25 down our opportunity to learn more about the facts.

1       I am not prepared today to respond to Mr. Baldrate's
2  argument in terms of the APA, but frankly his response to the
3  complaint is already past due.  Ten days is what he is allowed
4  under Rule 15.
5       As to the Summary Judgment Motion, we certainly would
6  anticipate a Rule 56 F request for discovery and response to any
7  effort to have the case resolved on some sort of dispositive
8  Motion at this stage and frankly we think that the D.C. Circuit
9  was quite clear that the case ought to proceed on the merits.
10      This is not your typical APA case.  This is a case in
11 which there is a statute that mandates that the Government shall
12 do certain things.  The D.C. Circuit recognized that and said it
13 is a factual question whether those things have been done or
14 haven't been done and frankly the notion that we would be
15 precluded from any sort of discovery in determining whether
16 those things have been done is, you know, astonishing to me.
17      THE COURT:  All right.  Mr. Baldrate, what's the record
18 show right now as to whether certain things have been or haven't
19 been done?
20      MR. BALDRATE:  Yes, your Honor.  I think perhaps what
21 we need to do is kind of as you suggested, take it through by
22 the numbers and start with the Scheduling Order because I think
23 there is some significant confusion about what this case is
24 about.
25      I think our characterization is it is simply a question

1   of whether the statute as interpreted by the agency, by the
2   Army, is arbitrary and capricious under the APA. That's the
3   only waiver of sovereign immunity that I am aware of that could
4   be alleged under this case. It is an APA case.
5           I think Plaintiffs would like to have the opportunity
6   to go before you and talk about all the individual times each of
7   their Plaintiffs had had health care that they view as
8   unsatisfactory. The bus didn't run right on this day. I got a
9   doctor who was rude to me on that day.
10          Quite frankly, those cases are tort cases that have
11  another appropriate remedy. They are not appropriate here. It
12  is not an APA case, and they don't have an ability to raise
13  those type of issues here. So the kind of factual discovery
14  that they would like to get into and talk about the abuses of
15  the health care system if you will, the alleged abuses, aren't
16  properly before the Court in any type of manner that I can think
17  of.
18          The only manner that the Court referred to is this APA
19  notion that the standard of high quality cost effective health
20  care that the D.C. Circuit said is capable of judicial review.
21  Notwithstanding our misgivings about that, they have given the
22  Court the task to figure out what that means.
23          So our proffer to you is that we look at what the
24  health care system is that we set forth and simply you determine
25  whether or not it is arbitrary and capricious, but I don't think

1   we can go into factual discovery of each and every person at the
2   home in terms of how their individual health care has gone.  At
3   most we would looking at the policies that are established by
4   the health care that they have raised in their Amended Complaint
5   and in their actual Complaint listing the seven specific
6   policies that they would like changed and what we would proffer
7   to you in the administrative record is a report and some
8   documentation saying here is why we have chosen to have extra
9   services off site, here is how much it would cost to have them
10  onsite, we have a limited budget, this is why we have chosen to
11  set forth our health care system in a way we have set it forth.
12          The question to you is:  Is that rational? So I don't
13  know why discovery would be relevant in an APA type of case like
14  this.  Again, I think what they would like to say is, look, your
15  Honor, we would like an x-ray here down the street because that
16  would be nicer for us and they would like to go into the
17  specific details of how they would like health care.  That's not
18  the proper question before the Court I don't think.  So we have
19  a fundamental disagreement about what's before the Court.
20          THE COURT:  All right.  Well, I will go back and look
21  at the Court of Appeals opinion.  I don't remember it being that
22  nebulous frankly.
23          MR. BALDRATE:  No, sir.  They simply said that mootness
24  is not appropriate, and they said there are judicially
25  manageable standards, but I don't think in any way that takes

1  away the ability for you to issue an order on Summary Judgment
2  saying that you find either the secretary's action arbitrary and
3  capricious or not; but all that needs to happen like any APA
4  case is the Government puts forth the record first and usually
5  supplements to the record are not appropriate because it is the
6  Government's record, the Government explaining why it
7  interpreted its regulation and the statute the way it interprets
8  it.  That should be all there is to it.
9           THE COURT:  Why would you need 60 days to file that
10 Motion?
11          MR. BALDRATE:  Your Honor, the changes in as recently
12 as this January of this year, the statute has been amended
13 again.  If you recall, when this case proceeded, the statute was
14 amended once and that was where the mootness issue came.  Just
15 in January, the end of January of this year, the statute was
16 again amended and as a result of that again explaining the
17 health care decisions that we have made and the policies that we
18 are making at the health care facility we need to kind of update
19 and get with them and get that administrative record put
20 together to explain why the health care decision is based on the
21 current statute are what they are.
22          THE COURT:  All right.  Well, I will tell you what.
23          MR. BAMBERGER:  May I be heard?
24          THE COURT:  Yes.  Mr. Bamberger.
25          MR. BAMBERGER:  Thank you, your Honor.  First I would

1  just remind the Court that this is not a claim for damages.
2  This is a claim for injunctive relief to require the Government
3  to do what it is mandated to do by Congress.
4        Secondly, this is not a typical APA case in the sense
5  that the Environmental Protection Agency has issued some permit
6  or something like that. We are not talking about an agency
7  action of that sort. We are talking about frankly what hasn't
8  happened as opposed to what has happened.
9        Under the circumstances, again I am not prepared to
10 address in detail the APA issues of law today, but again the
11 notion that this is something that could be disposed of without
12 delving into the facts after what the Court of Appeals said, it
13 sounds like frankly a non starter.
14       THE COURT: Well, the good news in that regard, Mr.
15 Bamberger, is that in this District at least most Judges,
16 particularly this Judge which is what's most relevant to you,
17 don't write opinions when they deny Motions for Summary Judgment
18 or Motions To Dismiss.
19       So if it should come to pass that it is as clear cut as
20 you think it is upon reflection and upon reviewing the opinion
21 of the Court of Appeals, the Court would issue a denial of the
22 Motion for Summary Judgment, and we would be off to the races so
23 to speak.
24       So I will give the Government -- I am not going go to
25 give you 60 days to file a Motion for Summary Judgment. If you

1  think it is as clear-cut as you think it is, I am not going to
2  give you that long. You can have 45 days, and you can have --
3  what do you need, three weeks -- I don't know -- to respond to
4  it?
5      MR. BAMBERGER: Yes, sir.
6      THE COURT: If it is as clear-cut as you think it is,
7  you probably won't need much more than that if that at all, and
8  we will take another look at that opinion by the Court of
9  Appeals and look at the two pleadings.
10     I mean obviously one of you has got this really right
11 and one of you doesn't have it right. I don't know. And if it
12 is a grant, then I have to write an opinion. But if it is a
13 denial, I won't be writing any opinion and I will set a Status
14 Hearing immediately. I would recommend both sides at least
15 spend a little time walking through and talking through how to
16 proceed here should the Summary Judgment not go in your favor.
17     So I think you should be prepared to deal with that.
18 It may come to pass that you don't get what you want so know
19 what you are going to do next. That's my recommendation, but
20 you can have 45 days to get it in and you can respond. Then we
21 will see where it goes. Anything else, counsel?
22     MR. BAMBERGER: Your Honor, with respect to the Rule 16
23 conference, where are we on that?
24     THE COURT: Well, at this point, there is such a
25 fundamental difference of opinion between the two of you as to

1  whether or not there is any discovery that needs to be taken, I
2  guess I get to see that in the context of the Summary Judgment
3  Motion.  I think it would probably be, you know, at this point a
4  waste of time probably because the Army's position is so
5  diametrically opposed to yours.  I think you would be basically
6  talking past one another like two ships passing in the night.
7  It wouldn't be likely to be productive.
8        So I think I am going to have to resolve that
9  fundamental issue.  Now, you know, to a certain extent if you
10 are right, it is going to end up just delaying this a matter of
11 a couple months, but this case has been around a long time.
12       MR. BAMBERGER:  Yes, sir.
13       THE COURT:  It has been to the Court of Appeals and
14 back and, unless I misread the tea leaves, if you should move
15 forward successfully, it will be back up to the Court of Appeals
16 again.  So nothing is going to happen quickly in this case as
17 far as I can tell.
18       Obviously the Army has made a decision which is their
19 prerogative to litigate this affirmatively and vigorously, and I
20 have to resolve any issue that's before me.  They are taking a
21 position that's obviously very, very different than yours as to
22 what the Court of Appeals meant and what the posture of the case
23 is.  So I will consider it.
24       MR. BALDRATE:  Thank you, your Honor.  Just so I
25 understand, for the record, we will file our Summary Judgment

```
 1   Motion within 45 days, they will file their reply, a then
 2   pending your decision, you will either issue an order or a
 3   status conference and there we can kind of reset the discovery
 4   sequence from there?
 5             THE COURT:  Yes.  I don't usually have oral arguments
 6   on Summary Judgment Motions, it is not my practice, but this may
 7   be one where I will.  This may be one where the law is really not
 8   as clear as either side thinks it is and so we will have an
 9   argument.  I will reserve judgment on that after I see the
10   pleadings.
11             MR. BALDRATE:  Yes, your Honor.
12             MR. BAMBERGER:  Thank you, your Honor.
13             THE COURT:  All right.  Take care, counsel.
14             (Whereupon, at 3:50 p.m., the proceedings were
15   concluded.)
16
17
18
19
20
21
22
23
24
25
```

```
 1                    CERTIFICATE OF REPORTER
 2
 3         I, Patty A. Gels, certify that the foregoing is a
 4    correct transcript from the record of proceedings in the
 5    above-entitled matter.
 6
 7
 8
 9                              _____
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```