## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARTIN CODY et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-1041 (RJL)** |
| | ) | |
| **THE HONORABLE ROBERT M. GATES** | ) | |
| **Secretary of Defense et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

Defendants, identified in the Complaint as the Secretary of Defense, and the Chief Operating Officer of the Armed Forces Retirement Home, through their undersigned counsel, respectfully oppose Plaintiffs' motion for default and move to set aside the Clerk's entry of default against these officers of the United States.

The procedural posture of this case is, at best, unclear. Plaintiffs filed a complaint on May 24, 2005. (R. # 1.) Defendants filed a motion to dismiss, which this Court granted on July 31, 2006. (R. # 28, Memo Op.) Plaintiffs appealed the dismissal and the D.C. Circuit reversed and remanded to this Court on March 12, 2008, for further proceedings consistent with its opinion. (R.#35, Mandate of USCA.) That same day, without filing any request for leave of the Court, Plaintiffs filed a purported "amended complaint" (R. #36.)

On April 25, 2008, Plaintiffs moved for an entry of default based on their erroneous belief that Fed. R. Civ. P. 15(a)(1)(A) entitled them "to file the amended complaint as a matter of course." (R.# 38, Affidavit of Syma Mirza.) However, Plaintiffs did not have the right to file an amended complaint as of right. While a plaintiff can generally amend a complaint once as of

right if the defendant has not filed a responsive pleading, as is the case at bar, "the right to amend once as of course prior to a responsive pleading [is] terminated by a judgment of dismissal." Cassell v. Michaux, 240 F.2d 406,407-08 (D.C. Cir. 1956); Hill v. Fed. Judicial Ctr., 238 Fed. Appx. 622 (D.C. Cir. 2007).  Even though this Court's entry of final judgment terminated Plaintiffs' ability to amend their complaint as of right, a "district court *may* also permit amendment after final judgment if the judgment is appealed and then remanded to the trial court for further proceedings, provided that the amendment is not inconsistent with the appellate court's mandate."  3 Moore's Federal Practice §15.12[2] (3d. Ed. 2007) (emphasis added).  See also Rogers v. Hill, 289 U.S. 582, 587-88, (1933).  In reversing this Court's decision, the D.C. Circuit noted that Plaintiffs could not amend as of right and instead required that they seek leave of the District Court.  In discussing the probable need to amend the complaint on remand in light of the new statute, the D.C. Circuit cited to Fed R. Civ. P. 15(a)(2) and stated "[t]he Court should freely give leave [to amend] when justice requires." Cody v. Cox, 509 F.3d 606, 609, n. 1 (D.C. Cir. 2007).[1]  Moreover, because Plaintiffs' second complaint seeks relief from events that happened after the date of the pleading to be supplemented,[2] Fed. R. Civ. P. 15(d) explicitly required Plaintiffs to seek leave to supplement their  pleading and leaves it to the Court to "order that the [Defendants] plead to the supplemental pleading within a specified

---

[1] LCvR 7(m) requires a moving party to discuss any anticipated motion with opposing counsel before filing a nondispositive motion.  Plaintiffs did not seek consent of Defendants to file a motion to amend as required by LCvR 7(m). Had Plaintiffs consulted with Defendants, Defendants would have consented to the amendment and sought to work out a timeline for filing their dispositive motion in response.

[2] See, e.g., Amend Compl., ¶ 30, ("The Chief Operating Officer has not established uniform standards . . . as required by § 413(c)(3).").

time." (Fed. R. Civ. P 15(d).)[3]

On April 3, 2008, the Court held a Status Conference where the Court sought to cut through the confusion and establish a new briefing schedule. Following the Status Conference the Court published an order implicitly allowing Plaintiffs' second complaint to go forward by granting the Defendants 45 days to file a dispositive motion and giving Plaintiffs two weeks to respond to Defendants' motion. (Minute Order, April 4, 2008).[4] On April 25, 2008, three weeks after the Status Conference, Plaintiffs moved for an entry of default against Defendants for failure to plead a defense or file an answer.  (R.#38, Motion for Default.) The Clerk entered a default that same day. (R.# 39, Clerk, entry of default.)

A. Standard of Review

"The Federal Rules of Civil Procedure provide for an entry of default 'when a party

---

[3] Rule 15(d) states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

[4] Defendants subsequently learned that Plaintiffs contacted the Deputy Clerk and asked  the Clerk to modify the Court's minute order to reflect that Plaintiffs have three weeks to respond to Defendants' dispositive motion based on Plaintiffs' recollection of the Status Conference. The Clerk did so on April 4, 2008.(Minute Order, April 3, 2008, "modified  4/4 2008." whb). The Court's standing order only allows counsel to "contact the Courtroom Deputy Clerk regarding emergency matters." (R.#3, Standing Order, July 5, 2005.)  This did not appear to be an emergency, but even if it were, the Court generally disfavors *ex parte* communication.  If Plaintiffs wanted to change the Court's published minute order the preferred course would have been to file a motion after consultation with Defendants as required by LCv7(m). See Fed. R. Civ. P. 7(b) (request for court orders "must be made by motion").  While Defendants had no objection to Plaintiffs' request in this instance, in the future the Defendants request that Plaintiffs notify Defendants of their intention to call the Deputy Clerk and give Defendants the opportunity to participate in the conference call.

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend

as provided by these rules.' Once the clerk enters the default pursuant to Rule 55(a), Rule 55(b)

authorizes either the clerk or the court to enter a default judgment against a defendant." Candido

v. District of Columbia, 242 F.R.D. 151, 154 (D.D.C. 2007) (citations omitted). A defaulting

defendant "is deemed to admit every well-pleaded allegation in the complaint." Adkins v. Teseo,

180 F. Supp. 2d 15, 17 (D.D.C. 2001).[5]  This Court recently set forth the relationship between an

entry of default and a default judgment:

> Rule 55 sets forth a two-step process for a party seeking default judgment: entry
> of default, followed by entry of default judgment. First, after a defendant has
> failed to plead or otherwise defend against an action, the plaintiff may request that
> the clerk of the court enter default against that defendant.  Second, following the
> clerk's entry of default, and when the plaintiff's claim is not for a sum certain, the
> plaintiff may apply to the court for entry of default judgment. By providing for a
> two-step process, Rule 55 allows the defendant the opportunity to move the court
> to set aside the default before the court enters default judgment.

Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC, 498 F. Supp. 2d 237, 240

(D.D.C. 2007) (citations omitted).  The Court may set aside an entry of default, "for good cause

shown." Fed R. Civ. P. 55(c).[6]

---

[5] Plaintiffs did not notify Defendants of their intention to file this motion for default prior to its
filing despite the fact that LCvR 7(m) requires a moving party to discuss any anticipated motion
with opposing counsel before filing a nondispositive motion.  To the extent Plaintiffs are seeking
a dispositive motion via a default judgment (because Plaintiffs are not seeking a sum certain),
Fed. R. Civ. P. 55(b)(2) requires that Defendants be served with written notice of the application
for judgment.

Prior to filing this opposition and motion, Defendants requested Plaintiffs withdraw their motion
for entry of default. The parties could not reach an agreement as Plaintiffs' counsel continued to
insist that Defendants file an answer in addition to their dispositive motion.

[6] LCvR 7(g) states that a party moving to vacate an entry of default shall accompany its motion
with a verified answer.  However, because the Court has already established a timeline for
Defendants to respond to Plaintiff's second complaint, Defendants submit that the Court's prior

In this Circuit the standard for granting a motion for default judgment is set forth in Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980). As the Court of Appeals in Jackson noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment." Id. at 835. The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. Jackson v. Beech, 636 F.2d at 835-36; Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987). Significantly, when one seeks default against the government or its officers, the standard is significantly higher. No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court. Fed. R. Civ. P. 55(e); see also O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief).

> B.  At the April 3, 2008, Status Conference The Court Implicitly Granted Plaintiffs' Leave to File A Second Complaint and Explicitly Granted Defendants 45 days to File a Dispositive Motion In Lieu of An Answer

While Plaintiffs failed to properly seek the Court's permission to amend their Complaint, at the Status Conference held on April 3, 2008, the Court sought to cut through the confusion and establish a new briefing schedule. The Court initially gave Plaintiffs "two weeks to do the meet and confer Rule 16 and file the Amended Complaint." (Transcript at 6:4-5.) At this point Plaintiffs asserted that the "Amended Complaint has been filed," and suggested that the Court

---

order governs the due date for Defendants' response to the second complaint.

give two weeks for the government to file "a response." (Transcript at 6:9-10.)  The Court

initially accepted Plaintiffs' invitation to  give the Defendants two weeks to "Answer, file the

Answer, yes."  (Transcript at 6:11.)  This is the sole portion of the transcript of the Status

Conference that Plaintiffs rely on to support the entry of default. (R.# 38, Affidavit at 2.) For

reasons completely unfathomable to Defendants, Plaintiffs ignore the remainder of the transcript,

where the Court seeks Defendants' position on filing an answer in two weeks, and ultimately

issues an order extending the timeline for filing a dispositive motion in lieu of an answer.

   After taking Plaintiffs' suggestion, the Court directly asked Defendants whether they

"can get [the answer] done in two weeks?" (Transcript at 6:25, 7:1-2.) The Government

responded as follows: "your Honor, I would prefer not to and here is why. I would like to file–I

anticipate filing again Dispositive Motions responsive to this." (Transcript at 7: 3-5.)  After

hearing Defendants' request for 60 days to file a dispositive motion, and then listening to

Plaintiffs opposition to any "sort of dispositive motion at this stage" (Transcript at 9: 7-8), the

Court directed as follows: "I am not going to give you 60 days to file a Motion for Summary

Judgment. If you think it is as clear-cut as you think it is, I am not going to give you that long.

You can have 45 days."[7] (Transcript at 13:24-25, 14:1-3.)

   Before the end of the Status Conference, in order to eliminate any confusion, Defendants

---

[7] Notwithstanding Plaintiffs' failure to seek leave of the Court or consent of the Defendants to
amend and supplement their Complaint prior to the Status Conference, at the Status Conference
Defendants understood the Court was willing to allow Plaintiffs' second complaint to go forward
while granting Defendants 45 days to respond.  Given the uncertainty generated from Plaintiffs'
entry of default, Defendants request that the Court specify whether it did indeed allow Plaintiffs'
"amended complaint" to be the operative Complaint going forward or whether Defendants
should answer the original complaint and wait for Plaintiffs to formally seek leave and consent
to amend and supplement.

sought to clarify the direction from the Court: "Just so I understand, for the record, we will file

our Summary Judgment motion within 45 days, they will file their reply, then pending your

decision, you will either issue an order or a status conference. . . ." (Transcript at 15:24-25, 16:

1-3). The Court replied, "Yes." (Transcript at 16:5.)  Consistent with that colloquy, the

subsequent minute order from the Court stated: "Defendant to file their motion for summary

judgment within 45 days . .  ." and made absolutely no mention of filing an answer in addition to

a dispositive motion. (Minute Order, April 3, 2008.)[8]

### Conclusion

For the foregoing reasons, Defendants respectfully opposes Plaintiffs' request for an

entry of default, and request that the Court set aside the Clerk's entry of default and stay

Defendants' obligation to Answer pending resolution of Defendants' dispositive motion,

currently due to be filed on or before May 19, 2008.

---

[8] Caselaw in this Circuit is unclear on whether filing a summary judgment motion *per se* tolls the
obligation of filing an answer without the Court's permission. See 10 Moore's Federal Practice §
56.10 (3d. Ed. 2007), noting that the rough consensus is that filing a pre-answer motion for
summary judgment does toll the duty to answer. See e.g., Rashidi v. Albright, 818 F. Supp. 1354
(D. Nev. 1993). However, there is no doubt that the Court can stay a party's obligation to answer
pending a dispositive motion as Defendants requested, and the Court ordered, in this instance.

Respectfully submitted,


  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 4th St., N.W.
Washington, D.C.  20530
(202) 353-9895