UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN CODY, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-01041 (RJL) |
| ) | |
| ROBERT M. GATES, ) | |
| Secretary of Defense, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

Plaintiffs, through counsel, respectfully submit the following in support of their Request for Entry of Default filed with this Court on April 25, 2008 and the Clerk's entry of default on that same day (Docket No. 39) and in response to Defendants' Motion to Set Aside the Clerk's Entry of Default filed on April 29, 2008:

### INTRODUCTION

Plaintiffs filed the original Complaint in this action on May 24, 2005.  Since that time, Defendants have filed two motions to dismiss, the subject statute has been amended twice, and, sadly, two of the original Plaintiffs have passed away.  Now, after the U.S. Court of Appeals for the District of Columbia Circuit has reversed the order of dismissal and Plaintiffs have filed an Amended Complaint, Defendants have allowed the time to respond to the Amended Complaint to lapse and contend that they should not be required to file an Answer until after the Court rules on an additional yet-to-be-filed motion for summary judgment.  In so doing, Defendants ignored the applicable rules, which required Defendants to respond to the Amended Complaint within ten

days (i.e. by March 26, 2008) and the Court's instruction that a response be filed within two weeks of the status conference held on April 3, 2008.

Plaintiffs in this case, who are veterans of the United States Armed Forces and average 78 years of age, have been waiting for nearly three years for Defendants to file an Answer. There is no justification for further delay. As discussed below, the entry of default by the Clerk in this action was in accordance with the applicable rules. To the extent that the Court exercises its discretion to set aside the default, the Court should deny Defendants' request to "stay" their obligation to file an Answer, and should order Defendants to file an Answer within five business days.

I. **THE AMENDED COMPLAINT WAS FILED ON MARCH 12, 2008, AND DEFENDANTS' TIME TO RESPOND RUNS FROM THAT DATE**

    A. **Plaintiffs Properly Filed the Amended Complaint as a Matter of Right and Were Not Required to Seek Leave of Court.**

Plaintiffs filed the Amended Complaint on March 12, 2008. Plaintiffs were entitled to amend their Complaint once as a matter of course without being required to seek leave of the Court. Fed. R. Civ. P. 15(a)(1)(A) states that a "party may amend its pleading once as a matter of course…before being served with a responsive pleading." At the time the Amended Complaint was filed, Defendants had not filed a responsive pleading; accordingly, leave was not required to amend the Complaint.

    B. **The Court Implicitly Recognized that the Filing of the Amended Complaint Was Proper.**

The Court held a status conference in this case on April 3, 2008. During that proceeding, the Court instructed Defendants to file a response to the Amended Complaint within two weeks. *See* Transcript at 6:4-11; Affidavit in Support of Default ("Aff.") ¶ 7 (Docket No. 38-2). The

2

Court did not state that leave was required to file the Amended Complaint or that the filing was procedurally improper in any way, nor did Defendants' counsel raise that contention.

Defendants themselves admit that the Court granted Plaintiffs leave to file a second complaint at the April 3, 2008 status conference. *See* Defs.' Brief at 3, 5-6, n. 7 ("At the April 3, 2008, Status Conference The Court Implicitly Granted Plaintiffs Leave to File a Second Complaint" and "at the Status Conference Defendants understood the Court was willing to allow Plaintiffs' second complaint to go forward"). Defendants do not dispute that they were properly served and agree that the Amended Complaint was filed and accepted by this Court on March 12, 2008—the date from which Defendants' time to respond should be calculated. Defendants also concede that "a plaintiff can generally amend a complaint once as of right if the defendant has not filed a responsive pleading, as is the case at bar." *See* Defs.' Brief at 1-2. Defendants now argue, however, that this right is terminated by a judgment of dismissal.

Neither of the cases that Defendants cite in support of this proposition are apposite to the facts in this case, as neither deals with a case in which the judgment of dismissal was reversed by the appellate court. In *Cassell v. Michaux*, 240 F.2d 406 (D.C. Cir. 1956), the question before the court was "whether one count of the complaint which includes multiple claims may be amended as of right or by leave of court after a trial judge has dismissed the count but before the dismissal has become final under rule 54(b)." *Id.* at 407. In *Hill v. Fed. Judicial Ctr.*, 2007 WL 1548999 (D.C. Cir. 2007), the district court had dismissed a complaint and denied the plaintiff's subsequent motion for reconsideration of the dismissal without allowing him to amend the complaint. *Id.* at *1. Neither of these cases involved a district court's dismissal that was later reversed on appeal; rather, they both deal with the question of amendment while the case is still pending at the lower court. Plaintiffs cite no authority suggesting that a judgment of dismissal

3

that is subsequently reversed by an appellate court terminates a plaintiff's right to amend once without leave of the court following remand under Fed. R. Civ. P. 15(a). Accordingly, Plaintiffs' Complaint was properly amended.

II. **THE CLERK'S ENTRY OF DEFAULT WAS PROPER BECAUSE DEFENDANTS' RESPONSE TO THE AMENDED COMPLAINT IS PAST DUE UNDER BOTH FED. R. CIV. P. 15(a)(3) AND/OR THE COURT'S INSTRUCTIONS AT THE APRIL 3, 2008 STATUS CONFERENCE**

   A. **Defendants' Response to the Amended Complaint is Past Due under Fed. R. Civ. P. 15(A)(3) and/or the Court's Instructions at the April 3, 2008 Status Conference.**

Under Fed. R. Civ. P. 15(a)(3), Defendants were required to file a responsive pleading no later than March 26, 2008. Rule 15(a)(3) states: "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later." On March 11, 2008, Defendants were properly served with the Amended Complaint by hand delivery, and the Court accepted the Amended Complaint for filing on March 12, 2008. *See* Aff. at ¶¶ 3-4. Defendants' response was due on March 26, 2008.[1] Defendants did not file a response by that date, nor did they move for an extension of the deadline or assert that the Plaintiffs were required to obtain leave to file the Amended Complaint. Defendants simply ignored the deadline.

---

[1] Fed. R. Civ. P. 6(a)(2) requires that intermediate Saturdays, Sundays, and legal holidays are excluded when calculating any time period less than 11 days.

At the April 3, 2008 status conference, the Court explicitly required Defendants to file an Answer to the Amended Complaint within two weeks.[2] *See* Transcript at 6:4-11; Aff. at ¶ 7. While the Court later also granted Defendants 45 days to file a dispositive motion, nowhere during the proceeding or in the minute order entered thereafter did it state that the deadline for a dispositive motion overrode the requirement to file an Answer or that, as Defendants claim, the dispositive motion would be filed "in lieu of an answer." *See* Defs.' Brief at 6. Accordingly, Defendants were required to file a responsive pleading within two weeks of the status conference no later than April 17, 2008. The docket shows that no such response has been filed even to this date.[3]

**B. The Clerk Properly Entered A Default.**

In light of Defendants' failure to file an Answer by both the March 26, 2008 deadline under the Rule 15 as well as the April 17, 2008 deadline per the Court's instructions, the Clerk

---

[2] Defendants also make a suggestion that Plaintiffs' counsel made an impermissible *ex parte* communication with Chambers, arguing that "Plaintiffs contacted the Deputy Clerk" and that counsel is only permitted to "contact the Courtroom Deputy Clerk regarding emergency matters." *See* Defs.' Brief at 3 n. 4. Plaintiffs did not call the Courtroom Deputy Clerk. After reviewing the Minute Order dated April 3, 2008, Plaintiffs' counsel telephoned the Clerk of Court (not Chambers) to request a copy of the transcript and to draw attention to a clerical error contained in the Minute Order, which inaccurately stated that the Court allowed Plaintiffs two weeks, instead of three weeks, to respond to Defendants' anticipated motion for summary judgment. At that time, the office of the Clerk of Court transferred the call to the Court Reporter, who later transferred the call to the Deputy Clerk. Defendants do not dispute, and the transcript reflects, that the Court stated that Plaintiffs would have three weeks to respond to the summary judgment motion. The Minute Order was modified to correct the clerical error on April 4, 2008.

[3] Prior to Defendants' filing of their Motion to Set Aside the Clerk's Entry of Default, Plaintiffs' counsel agreed to not take any action regarding the entry of default and to consent to the entry of default being vacated if Defendants agreed to file an Answer by May 7, 2008. Defendants' counsel rejected this proposal.

5

properly entered a default on April 25, 2008.[4]  Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default" (emphasis added).

Defendants' motion also contains a discussion regarding the standards for granting a motion for default judgment.  This discussion is not relevant at this juncture, as Plaintiffs have not moved at this time for a default judgment.

For all of these reasons, the Court should deny the motion to set aside the entry of default.  Rather, Plaintiffs submit that the Court should order Defendants to file an Answer within five business days.

### III.  DEFENDANTS' REQUEST FOR A STAY OF THE RESPONSE DEADLINE SHOULD BE DENIED

In their Motion, Defendants also ask the Court to "stay Defendants' obligation to Answer pending resolution of Defendants' dispositive motion, currently due to be filed on or before May 19, 2008."  *See* Defs.' Brief at 7.  This request should be denied.  In the event that the Court vacates the entry of default, the Court should order Defendants to file an Answer within five business days.

Initially, the request for a stay should be denied because Defendants failed to comply with the requirement in the Local Rules that a motion to set aside entry of default must be

---

[4] Defendants erroneously characterize Plaintiffs' Request for Entry of Default as a "motion for default." *See e.g.* Defs.' Brief at 1, 4 n. 5.  As Defendants themselves acknowledge, an entry of default and entry of default judgment are two separate steps under Rule 55.  *See* Fed. R. Civ. P. 55; Defs.' Brief at 4.  Plaintiffs were not required to discuss their request for entry of default with Defendants because their request was not a "motion."  *See* LCvR 7(m) (requiring discussion of the anticipated "motion" with opposing counsel before filing a non-dispositive "motion" in a civil action).

accompanied by a verified answer.  *See* LCvR 7(g) (requiring that a "motion to vacate an entry of default…shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part").  Having already ignored the response deadline in the Federal Rules and the Court's instruction to file an Answer within two weeks of the status conference, Defendants have now ignored yet another requirement in the Local Rules.  They should not be rewarded for these tactics.

Moreover, neither the rules nor the case law support yet another extension of Defendants' deadline to file an Answer.  Although a defendant may file a dispositive motion at any time (until any deadline imposed by the Court), the filing of a dispositive motion does not stay the defendant's obligation to respond to the complaint.  *See* Fed. R. Civ. P. 12.

Nor is there any basis to impose such a stay in this case.  Plaintiffs are retired veterans who filed the original Complaint in this action nearly three years ago, during which time two of the original Plaintiffs have passed away, yet are still waiting for an Answer.  Defendants have had ample time—indeed, far beyond what is required by the Federal Rules—to respond, and the Court should order them to file an Answer within five business days in the interests of moving this litigation forward and resolving this case as efficiently as possible.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) deny the Defendants' request to "stay" their obligation to file an Answer and (2) order Defendants to file an Answer within five business days.

Respectfully submitted,


        /s/
David H. Bamberger (D.C. Bar No. 362285)
J. David Folds (D.C. Bar No. 449791)
Syma Mirza (D.C. Bar No. 978858)
DLA PIPER US LLP
500 8th Street, N.W.
Washington, D.C.  20004
Tel:   (202) 799-4500
Fax:   (202) 799-5500

*Attorneys for Plaintiffs*


## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2008, a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Motion to Set Aside the Clerk's Entry of Default and Proposed Order were served via electronic filing upon the following:

Brian C. Baldrate
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20530

_____/s/_____
Syma Mirza