UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARTIN CODY et al.** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 05-1041 (RJL) |
| ) | |
| **THE HONORABLE ROBERT M. GATES** ) | |
| **Secretary of Defense et. al.,** ) | |
| ) | |
|     **Defendants.** ) | |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants file this Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. Defendants request that this Court grant its motion and award summary judgment in Defendants' favor.

**I.    The Administrative Procedure Act Provides the Appropriate Standard of Review of Plaintiffs' Amended Complaint**

The central issue to be addressed from Plaintiffs' Opposition (Pl.'s Opp.) is the propriety of this Court to conduct a record review of this case under the Administrative Procedures Act ("APA"). Plaintiffs assert that this case does not fit into the framework of the typical APA claim. (See, Pl. Opp. at 10-11.) However, Plaintiffs, in their initial Opposition to Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, argued that the standard of review provided by the APA did apply in this case. (See, R. #13 at 4-7.) Additionally, Plaintiffs, in their amended complaint, assert that the scope of review section of the APA applied to this case. (Amend. Compl. at ¶ 41) ("This Court has authority, pursuant to 5 U.S.C. § 706 and 28 U.S.C. § 1361 to grant Plaintiffs injunctive relief requiring Defendants to perform their obligations under 24 U.S.C. § 413."). Now, Plaintiffs, in their Opposition,

challenge Defendants' characterization of this case as one that is properly reviewed under the standards of the APA. (Pl.'s Opp. at 10-11.)

In their Amended Complaint, Plaintiffs assert that jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361. (Amend. Compl. at ¶ 2.) Plaintiffs argue that the Mandamus Act (28 U.S.C. § 1361) provides jurisdiction for their claim and that a waiver of sovereign immunity is not needed. (Pl.'s Opp. at 18.) Defendants do not contend that this Court lacks jurisdiction. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 24 U.S.C. § 413. This Court has the power to award injunctive relief based on 5 U.S.C. § 702. Because the APA provides the applicable scope of review, neither jurisdiction nor sovereign immunity is at issue.

The Circuit Court for the District of Columbia agrees that this is an APA case. The D.C. Circuit held that 24 U.S.C. § 413 does not fall into one of the narrow categories of exceptions to judicial review of 5 U.S.C. § 701(a)(2). Cody v. Cox, 509 F.3d 606, 610 (D.C. Cir. 2007). In so holding, the D.C. Circuit impliedly acknowledges that the APA is the appropriate standard of review in this case.

As Defendants stated in their Motion for Summary Judgment (R #43), the APA provides for record review with the key exhibit being the administrative record. Plaintiffs spend a considerable portion of their opposition brief arguing that this is not the typical APA case because the actions challenged are not the typical agency actions decided upon APA review. Plaintiffs seem to argue that, because the Chief Operating Officer's ("COO") actions did not involve formal adjudication, rule making, or notice and comment procedure, his actions do not qualify as final agency action subject to review under the APA. Plaintiffs are incorrect. Even though this case does not involve formal agency adjudication, rule making, or notice and

comment procedure, it still involves informal agency action and the APA scope of review applies. The APA defines an agency action as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). A formal hearing is not required. Florida Power & Light v. Lorion, 470 U.S. 729, 744 (1985) ("The APA specifically contemplates judicial review on the basis of the agency record compiled in the course of informal agency action in which a hearing has not occurred.").

The review of the agency's decision is limited to the administrative record. Camp v. Pitts, 411 U.S. 138, 142 (1973); Florida Power & Light v. Lorion, 470 U.S. 729, 743 (1985); McDougall v.Widnall, 20 F.Supp. 2s 78, 82 (D.D.C. 1998) (citations omitted). The administrative record is the written record of the agency's administrative proceedings. Judicial review of agency action should be based on "the whole record." 5 U.S.C. § 706. The whole record includes everything that was before the agency pertaining to the merits of its decision. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971); Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made."). The "whole record" is the administrative record compiled by the agency in advance of litigation. Camp v. Pitts, 411 U.S. at 142. "Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision when review is based upon the administrative record." Environmental Defense Fund, Inc. v. Costle, 657 F.2d at 284 (quoting Fund for Animals, at 105); Richards v. INS, 554 F.2d 1173, 1177 n. 28 (D.C. Cir. 1977). Since judicial review is limited to the administrative record, discovery is not generally necessary and should normally be prohibited. Florida Power & Light

Co. v. Lorion, 470 U.S. 729, 744 (1985); Commercial Drapery Contractors, Inc. V. United States, 133 F.3d 1, 7 (D.C. Cir. 1998).  Plaintiffs offer no alternative review under the APA to the record review normally conducted in APA cases.

There are limited circumstances in which it would be appropriate to supplement the agency's record.  See, Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (discussing eight circumstances when extra-record review is appropriate).[1]  Plaintiffs' request for discovery does not address what circumstances exist in the present case justifying supplementation of the extensive administrative record assembled by Defendants.  While Plaintiffs refer to the Defendants' submitted record as a "sham," Plaintiffs include portions of the Defendants' submission in their Declaration in Support of Discovery and in Plaintiffs' Statement of Material Facts for Which There Exists an Issue to be Litigated.  (Pl's Opp. at 1; Pl's Opp, Attach. #1, "Plaintiffs' Statement of Material Facts for Which There Exists an Issue to be Litigated" ("Pl's Facts"), Fact Sheets 1, 8, and 10; Pl's Opp. Attach. #2, "Plaintiff's Declaration in Support of Discovery," Exh. 6 and 7.)  To the extent that Plaintiffs believe it necessary to supplement the administrative record, they have failed to argue what circumstances require the consideration of extra-record materials.

---

[1] The eight circumstances recognized by the D.C. Circuit permitting extra-record evidence are: "(1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage." Esch, 876 F.2d at 991. (Citations omitted).

## II.     Relief Under the Mandamus Act is Not Appropriate

Plaintiffs argue that relief under the Mandamus Act is appropriate when the agency's statutory duty is ministerial and not discretionary. In this case, the responsibilities of the COO in carrying out his obligations under the Statute are not simply ministerial. Plaintiffs argue "Here the Secretary has a statutory duty that is ministerial not discretionary." (Pl's Opp. at 19.) However, the statute provides numerous examples of Congress providing specific areas of discretion to be exercised by the COO. 24 U.S.C. § 413 (c)(3) states that the "Chief Operating Officer. . . shall establish uniform standards, appropriate to the medical needs of the residents, for access to health care services during and after the daily business hours of the facility." Far from specifically directing the COO what the standards will be with regard to access to health care services, this section of the statute provides a great deal of discretion to the COO in carrying out his responsibilities. Likewise, § 413 (d)(1) provides, "The Retirement Home may provide, based on a determination of medical need" transportation services for the residents. 24 U.S.C. § 413 (d)(1). Again, this is an example of Congress granting the COO discretion in carrying out his duties. Also § 415 states that the COO is "responsible for the overall direction, operation, and management of the Retirement Home." 24 U.S.C. § 415 (c)(1). And lastly, § 413 (a), by stating that the COO authorizes the services received by the residents, provides the COO with "broad discretion in administering care," albeit limited by subsections (b), (c), and (d). Cody v. Cox, 509 F.3d at 610 (acknowledging the broad discretion given to the COO by 24 U.S.C. § 413). Thus, the statute contains numerous examples of Congressional grants of discretion to the COO, establishing without a doubt that the duties of the COO are not simply ministerial as Plaintiffs claim, but discretionary.

> Plaintiffs, too, acknowledge that the COO's duties are discretionary.
>
> Plaintiffs do not contend that Defendants have no discretion in satisfying their statutory mandate.  The discretionary component of the agency action, however, is not whether to comply with the statute, but how to meet the statutory mandate . . . Decisions regarding how to provide on-site, high-quality health care. . . are within Defendants' discretion provided that actually Defendants provide the high-quality, on-site care mandated by statute.  (Pl.'s Opp. at 17.)

Plaintiffs' argument acknowledges that the COO has discretion in carrying out his responsibilities under the Statute.  Congress deliberately set up a system of health care that gives the COO discretion in how it balances "high quality" and "cost-effective" health care, duties that Plaintiffs recognize are not simply ministerial.  Therefore, an action under the Mandamus Act is inappropriate.

Even if an action pursuant to the Mandamus Act were appropriate in this case, the standard of review for the Court to apply is still provided by the APA.  That is because a claim seeking mandamus is basically an action for relief under section 706 (Scope of Review) of the APA.  See, Japan Whaling Ass'n v. American Cetacean Soc'y, 478 U.S. 221, 230 n. 4 (1986) (construing a claim for mandamus under 28 U.S.C. § 1361 as one for relief under § 706 of the APA); McNutt v. Hills, 426 F. Supp. 990, 999 n. 20 (D.D.C. 1977) (proper scope of review for an action under § 1361 is under the APA); Michigan Head Start Directors Ass'n v. Butz, 397 F. Supp. 1124, 1139 (W.D. Mich. 1975) ("the scope of review provisions of the APA, 5 U.S.C. § 706, which implicitly embody equitable principles, apply in actions in the nature of mandamus").  Regardless of whether Plaintiffs' case is proper under 28 U.S.C. § 1361, the scope of review is under the APA.

**III.   24 U.S.C. § 413 Does Not Provide for a Private Cause of Action**

Based on Alexander v. Sandoval, 532 U.S. 275 (2001), Appellants argue for the existence

of a private right of action. In that case the Supreme Court stated "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." 532 U.S. at 286-87. Therefore the main focus of inquiry is on congressional intent. This argument is unconvincing not only because of the lack of clear intent from Congress on this issue, but also because it overlooks significant case law from the Supreme Court and this Court.

Sandoval supports no private right of action in the instant case. Sandoval drew a distinction between § 601 of the Civil Rights Act of 1964, which did create a private right of action, and § 602, which the Court ruled did not. The key distinguishing factor was that § 601 focused on individuals who received a new right, while § 602 focused on the actors who were required to enforce a specific right. Sandoval, 532 U.S. at 289. "Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of person.'" Id. (quoting California v. Sierra Club, 451 U.S. 287, 294 (1981)). Therefore, based on Sandoval, a statute creates no private right of action when it merely tells the federal government to do something.

24 U.S.C. § 413 focuses on "the persons regulated rather than the individuals protected." It states "*[t]he Retirement Home* shall provide for the overall health care needs of residents . . . ." § 413(b) (emphasis added). This is a clear statement directed at the federal government, not at the residents. Section 413 is more similar to § 602 of the Civil Rights Act than § 601. Therefore 24 U.S.C. § 413 creates no private right of action.

This Circuit's precedent also stands for the conclusion that there is no private right of action. Godwin v. Sec'y of HUD, 356 F.3d 310 (D.C. Cir. 2004), involved a suit against the

federal government for failure to follow the Fair Housing Act ("FHA"). This Court held there was no private right of action by stating: "It is difficult to understand why a court would ever hold that Congress, in enacting a statute that creates federal obligations, has implicitly created a private right of action against the federal government, [as] there is hardly ever any need for Congress to do so [because of the APA]." Id. at 312. (quoting NAACP v. Sec'y of HUD, 817 F.2d 149, 152 (1st Cir. 1987)). See also National Trust for Historic Preservation v. Blanck, 938 F. Supp. 908 (D.D.C. 1996) (holding that the National Historic Preservation Act created no private right of action because agency action was subject to APA review).

### IV.     Plaintiffs' Pleadings Fail to Comply with Local Rules

Plaintiffs' Opposition includes a 49 page response to Defendant's 5 page Statement of Material Facts Which Are Not In Genuine Dispute. This submission fails to comply with this Court's Local Rules (LCvR) . Specifically, LCvR 7(h) requires that "[a]n opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." (LCvR 7(h).) Plaintiff's submission does not contradict that the Home's policies and practices in accordance with the statute exist, rather it cites anecdotal evidence that at most suggest occasional difficulties in delivery of services. Plaintiffs' Statement of Facts also relies upon three facts sheets published by the COO which are included in the Administrative Record that Plaintiffs claim is inadequate. (Pl's Facts.)   Plaintiffs seemingly oppose the complete record assembled by the Defendants while proffering portions of that record as evidence of what should be included in the record. Additionally, Plaintiffs' renewed request for discovery is inconsistent

with the parties' recognition that this is an APA case, and LCvR 26.2(1) which exempts actions "for review on an administrative record" from initial disclosure requirements. Plaintiff's argument for discovery under Rule 56 does not apply to APA cases such as this one where discovery does not normally occur.

## CONCLUSION

For the foregoing reasons and those stated in our Motion for Summary Judgment, Defendants respectfully request that this Court grant judgment in their favor and dismiss Plaintiffs' Amended Complaint with prejudice.

Respectfully submitted,

\_\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

\_\_\_\_/s/_____
LANNY J. ACOSTA, JR.
Special Assistant U.S. Attorney
Civil Division
555 4th St., N.W.
Washington, D.C. 20530
(202) 353-9895

Of Counsel:
Major Patrick L. Gary
U.S. Army Legal Services Agency
Arlington, Virginia 22203-1837