## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MARTIN CODY, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Case No. 05-1041 (RJL)** |
| **v.** | ) | |
| | ) | |
| **THE HONORABLE ROBERT M.** | ) | |
| **GATES, Secretary of Defense, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, residents of the Armed Forces Retirement Home, brought this action seeking to compel defendants, the Honorable Robert M. Gates, Secretary of Defense, and Timothy C. Cox, Chief Operating Officer of the Armed Forces Retirement Home, to comply with 24 U.S.C. § 413 and provide high quality and cost-effective health care to plaintiffs. Before the Court is defendants' motion to set aside the clerk's entry of default (Dkt. #41). For the following reasons, the Court will set aside the clerk's entry of default, but deny defendants' request to stay their obligation to answer the complaint pending resolution of their motion for summary judgment.

### ANALYSIS

The Clerk entered default against the defendants on April 25, 2008. Four days later, defendants moved to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Rule 55(c) permits a court to set aside an entry of default for good cause

shown. In deciding whether to do so, courts consider whether the default was willful, whether setting aside the entry of default would prejudice the plaintiffs, and whether the alleged defense is meritorious. *See Keegel v. Key West & Carribean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir.1980).

In the instant case, the Court finds that good cause exists to set aside the entry of default. Defendants' failure to respond to the amended complaint[1] appears to be the result of inadvertence and confusion regarding the deadlines established at the April 3, 2008 status conference rather than willful defiance.[2] Additionally, any delay created by the defendants' failure to respond was minimal, and therefore, the prejudice to plaintiffs is limited. Finally, although defendants have not submitted an answer, the Court has no reason to believe that its defenses are wholly without merit. Accordingly, the Court finds that the defendant has shown good cause to set aside the entry of default.

The Court will not, however, stay defendants' obligation to file an answer until after resolution of their motion for summary judgment.[3]

---

[1]The parties dispute whether plaintiffs needed to seek leave of court to file the amended complaint. Resolution of this question is unnecessary here. Even assuming plaintiffs were required to seek leave, defendants state they would have consented to the amendment. Defs. Mot. 2 n.1. The Court, in turn, surely would have granted leave to amend. Thus, regardless of whether plaintiffs could amend the complaint as of right or only by leave of court, the operative complaint is the amended complaint filed on March 12, 2008.

[2]In light of the various colloquies regarding the filing of an answer during the April 3, 2008 status conference and the deadlines noted in the minute entry for the status conference, it seems that this issue could have been avoided had the parties communicated regarding the deadlines set during the status conference and raised any questions via a joint motion to the Court.

[3]The Court is aware that defendants' summary judgment motion is fully briefed. To the extent either party believes this Memorandum Opinion & Order necessitates supplemental

Accordingly, it is this ___ day of June, 2008 hereby

**ORDERED** that defendants' motion to set aside the clerk's entry of default [Dkt. #41]

is GRANTED in part and DENIED in part; and it is further

**ORDERED** that the entry of default is SET ASIDE; and it is further

**ORDERED** that defendants' answer to the amended complaint is due within ten days

of this Memorandum Order.

    **SO ORDERED.**

                                         RICHARD J. LEON
                                         United States District Judge

---

pleadings, the Court will entertain a joint motion proposing a new schedule.