UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARTIN CODY, et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Case No. 05cv1041 (RJL) |
| ) | |
| **ROBERT M. GATES,** ) | |
| **Secretary of Defense, et al.** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' ANSWER

COME NOW the Defendants, through their undersigned attorneys, and hereby answer and otherwise respond to Plaintiffs' First Amended Complaint. Defendants deny each and every allegation in the Complaint that is not specifically admitted or otherwise qualified. Defendants reserve the right to assert any affirmative or other defense that becomes known through discovery and to seek leave to amend its Answer to allege any such defense and to assert any other defenses, claims, cross-claims and counterclaims as discovery and the evidence may merit.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Without waiving any defense, Defendants admit, deny, or otherwise state as follows:

The first paragraph of the complaint contains Plaintiffs' characterization of their case to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegation.

1. Defendants assert that paragraph 1 contains Plaintiffs' characterization of the case and legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 1.

## JURISDICTION AND VENUE

2. Defendants assert that paragraph 2 contains an allegation of jurisdiction to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in paragraph 2.

3. Defendants assert that paragraph 3 contains an allegation of venue to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations contained in paragraph 3.

## PARTIES

4. Defendants admit the truth of the allegations in paragraph 4.

5. Defendants admit the truth of the allegations in paragraph 5.

6. Defendants admit the truth of the allegations in paragraph 6.

## CLASS ACTION ALLEGATIONS

7. Defendants assert that the first and second first and second sentences of paragraph 7 contain Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations. Defendants deny the allegations in the third and fourth sentences of paragraph 7.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8. Defendants admit the allegations contained in the second sentence of paragraph 8 to the extent that there are over 1,000 residents of the Home and that each resident is affected by changes in health care at the Home; Defendants

otherwise deny the allegations in paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9. Defendants admit the allegations in the second sentence in paragraph 9 to the extent that 24 U.S.C. § 413 requires the Home to provide for the overall health care needs of residents in a high quality and cost effective manner and to the extent supported by the document cited, which is the best evidence of its contents. Defendants deny that the allegations in the third sentence of paragraph 9. Defendants admit the truth of the allegations in the fourth sentence of paragraph 9 to the extent that any change in services or care will affect many residents in the home; otherwise deny the allegations contained in the fourth sentence of paragraph 9.

10. Defendants deny the allegations in the first and second sentences of paragraph 10. The third sentence of paragraph 10 contains Plaintiffs' characterization of their case to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11. Defendants admit the truth of the allegation in the second sentence of paragraph 11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12. Defendants deny the allegations in the first sentence of paragraph 12. Defendants admit the allegations contained in the second sentence of paragraph 12 to the extent that plaintiffs requested that defendants restore medical and dental services previously provided; Defendants otherwise deny the allegations contained in the second sentence of paragraph 12.

Defendants admit the allegations contained in the third sentence of paragraph 12 to the extent that Defendants admit that they did not restore medical and dental services as previously provided as requested by Plaintiffs; Defendants otherwise deny the allegations. Defendants deny the allegations in the fourth sentence of paragraph 12.

### FACTS

13. Defendants admit the truth of the allegations in the first and second sentences of paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents. Defendants admit the allegations contained in the third sentence of paragraph 13 to the extent that the Gulfport facility was damaged by hurricane Katrina and aver that approximately 357 of the 564 residents of the Gulfport facility were transferred to the Washington facility following the storm.

14. Defendants admit the truth of the allegations in paragraph 14.

15. Defendants admit the truth of the allegations in paragraph 15.

16. Defendants admit the truth of the allegations in first sentence of paragraph 16. Defendants admit the allegations contained in the second sentence of paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph 16.

17. Defendants admit the allegations contained in paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the allegations in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18 and aver that Mr. Cox and the management of the Home have endeavored to increase the value of the Trust Fund by increasing revenues and decreasing costs, while at the same time continuing to provide high

quality medical care to the Home's residents.

19. Defendants admit the truth of the allegations contained in the first sentence of paragraph 19 and aver that twenty-four hour coverage is still provided. As to the lettered subparagraphs in paragraph 19, Defendants admit, deny, or otherwise answer as follows:

a) admit and aver that these services are still available on site;

b) deny and aver that what was referred to as a pharmacy was simply a medication room where the staff pharmacist dispensed medications that had been prescribed by Walter Reed Army Medical Center;

c) admit;

d) admit and aver that these services are still available;

e) admit and aver that these services are still available except to the extent that physicians assistants are no longer assigned and each resident is now assigned a primary care physician;

f) admit and aver that these services are still available;

g) admit and aver that transportation is still available;

h) deny and aver that the Home had never had a legitimate mobile emergency services vehicle; rather, the vehicle previously used for this purpose was a converted plumber's truck, unsuitable for safely transporting residents.

20. Admit the allegations contained in paragraph 20 to the extent that in November 2003, what was known as the treatment room was closed; otherwise deny the remaining allegations in paragraph 20 and aver that in place of the treatment room, the Community Health Clinic was opened and co-located in the building which houses most of the independent living residents of the Home.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations contained in the first sentence of paragraph 22 and aver that the Home has dismissed no physicians and has dismissed 5 physician's assistants who were all uncertified. Defendants deny the allegations in the second sentence of paragraph 22 and aver that a registered nurse is on duty at the Community Health Clinic from 4:00 p.m. until midnight on weekdays and is also available at the Home from midnight until 7:30 a.m. on weekdays and on weekends and holidays. Defendants admit the allegations in the third sentence of paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in the first and second sentences of paragraph 24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 24.

25. Defendants deny the allegations in the first and second sentences of paragraph 25 and aver that patient evaluations are conducted within twenty to thirty days from request and that regular appointments have a wait period of approximately three months. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 24. Defendants admit that a dentist is not on call after the daily business hours of the Home or on weekends or holidays and aver that after hours dental emergencies are treated as other medical emergencies by contacting either the on call physician or by calling "911."

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in the first sentence of paragraph 27. Defendants admit the truth of the allegations in the second sentence of paragraph 27. Defendants admit the truth of the allegations in the third sentence of paragraph 27 to the extent that transportation to

area hospitals does not occur at a specific time each weekday after 4:00 p.m. or on weekends or holidays and aver that transportation to area hospitals is provided on an on-call basis after 4:00 p.m. weekdays and on weekends.

28.  Defendants admit the allegations contained in the first and second sentences of paragraph 28 to the extent that in the case of a medical emergency which cannot be treated at the Home, residents are instructed to call "911" and that upon receipt of a "911" call, an ambulance will take a patient to the nearest hospital; otherwise deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 28.

29.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.  Defendants deny the allegations in paragraph 30.

31.  Defendants admit the allegations contained in the first sentence of paragraph 31 to the extent that some of the changes made at the Home were necessary to maintain the financial survivability of the Home; otherwise deny the allegations contained in the first sentence of paragraph 31.  Defendants admit the remaining allegations of paragraph 31.

32.  Defendants deny the allegations in paragraph 32.

33.  Defendants admit the allegations contained in paragraph 33 to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the remaining allegations contained in paragraph 33.

34.  Defendants admit the truth of the allegations in paragraph 34 to the extent supported by the document cited, which is the best evidence of its contents; otherwise deny the remaining allegations contained in paragraph 34.

35. Defendants admit the allegations contained paragraph 35 to the extent that Plaintiffs' representatives met with representatives of the Department of Defense in February 2005 and that no action was taken as a result of the February 2005 meeting; otherwise deny the allegations in paragraph 35.

## COUNT I

36. Defendants restate and reassert their responses to paragraphs 1 through 35.

37. Defendants admit that 24 U.S.C. § 413 imposes a duty upon them; however, Defendants deny that the duty imposed is nondiscretionary.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. The allegations contained in paragraph 41 contain conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 41.

## RELIEF REQUESTED

Plaintiff's relief requested, which appears on pages 11 and 12 of the First Amended Complaint and sub-paragraphs (a) and (b), requires no response.  To the extent plaintiffs' relief requested and sub-paragraphs (a) and (b) contain any allegations of fact, Defendants deny them. Defendants further deny that plaintiffs are entitled to the relief sought in the Complaint, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendants deny each and

every allegation in the Complaint.

Dated: July 8, 2008.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street. N.W.
Washington, DC 20530
(202) 353-9895